Accordingly, we recommend that the question certified be answered "Yes."

GREENWOOD and PIERSON, JJ. The opinion of the Commission of Appeals answering the certified question is adopted, and ordered certified.

---

## FIRST NAT. BANK OF LEWISVILLE v. DAVIS et al. (No. 1099–5008.)

Commission of Appeals of Texas, Section A. May 2, 1928.

**1. Husband and wife ☞249—As regards lien of chattel mortgage, cotton raised on separate estate of wife, labor being performed by herself and children with community teams and tools, held community property; "rent;" "personal earnings" (Rev. St. 1911, art. 4621, as amended by Acts 1921, c. 130, and art. 4622, as amended by Acts 1913, c. 32).**

Cotton grown on tract belonging to separate estate of wife, cultivated by herself and children of previous marriage using teams and tools belonging to community estate, held, community property and subject to lien of chattel mortgage executed by husband to bank on all crops to be grown by him during certain year, not being rents from wife's real estate within Rev. St. 1911, art. 4621, as amended by Acts 1921, c. 130, since it was not received as compensation for use of her land by another, nor was it personal earnings within article 4622, as amended by Acts 1913, c. 32, since children were constituents of family and benefits of their services accrued to community estate.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Personal Earnings; First and Second Series, Rent.]

**2. Chattel mortgages ☞225(2)—Purchaser of cotton subject to chattel mortgage held liable for value thereof.**

Purchaser of cotton subject to valid chattel mortgage held liable to mortgagee for value of cotton as for conversion thereof, where balance due on debt secured by mortgage exceeded value of cotton.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by the First National Bank of Lewisville against W. E. Davis and others. To review a judgment of the Court of Civil Appeals, affirming the judgment of the county court, plaintiff brings error. Reversed and rendered.

Hopkins & Koons, of Denton, for plaintiff in error.

Boyd & Boyd, of Denton, for defendants in error.

HARVEY, P. J. [1] On December 29, 1923, W. E. Davis executed to the First National Bank of Lewisville his promissory note for the sum of $586, due September 19, 1924, bearing interest at the rate of 10 per cent. per annum from maturity. To secure the payment of the note, he executed, on the same day, a chattel mortgage on all his crops to be grown during the year 1924 in Denton county. This mortgage was duly registered on December 31, 1923. During the year 1924 all the principal of the note was paid except a balance of $150, which balance still remains unpaid. The family of Davis consisted of himself, his wife, and the children of his wife by a former marriage. Besides the lands that were cultivated by Davis in person during the year 1924, there were 5 acres planted to cotton on a tract of 20 acres belonging to the separate estate of his wife. Mrs. Davis and the children performed all the labor required for the planting, growing, and gathering of this 5 acres of cotton. The teams and tools used in cultivating the 5 acres were the community property of Davis and his wife. Davis provided, with community funds, all supplies necessary for the maintenance and support of the family, and provided all feedstuff for the teams. In January, 1925, Mrs. Davis delivered to her brother, Aaron Sargent, a bale of cotton in part payment of an open account due him. This bale of cotton was a part of the crop grown in 1924 on the 5 acres above mentioned. Sargent, in turn, sold and delivered the bale of cotton to the Lewisville Gin Company, a partnership composed of J. W. Degan and Carl Degan, who are the defendants in error here. The price paid by the firm for the bale of cotton was $99.50, which was its market value at the time. The plaintiff in error thereafter brought suit in the justice court against the Degans for damages on account of their conversion of the bale of cotton. The justice court rendered judgment in favor of the defendants in error J. W. and Carl Degan. On appeal to the county court that court rendered a like judgment, which was affirmed by the Court of Civil Appeals (not for publication). Writ of error was granted by the Supreme Court.

Although produced from lands belonging to

the separate estate of Mrs. Davis, the cotton in question was community property of Mrs. Davis and her husband (Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799), and, unless prevented from being so by the statutory provisions to be mentioned, was subject to the lien created by the chattel mortgage executed by her husband to the bank.

Article 4621 of the Revised Statutes of 1911, as amended in 1921 (Acts 1921, c. 130) provided, among other things, that:

"Neither the separate property of the wife nor the rents from the wife's separate real estate, nor the interest on bonds and notes belonging to her, nor dividends on stocks owned by her, nor her personal earnings, shall be subject to the payment of debts contracted by the husband."

Article 4622 of the Revised Statutes of 1911, as amended in 1913 (Acts 1913, c. 32) contained the provision that:

"The personal earnings of the wife, the rents from the wife's real estate, the interest on bonds and notes belonging to her and dividends on stocks owned by her shall be under the control, management and disposition of the wife alone."

The bale of cotton in question does not fall within any of the classes of property which, by these statutory provisions, were exempted from liability for debts contracted by the husband and made subject to disposition by the wife. The cotton was not "rents from the wife's real estate," for it was not received by her as compensation for the use of her land by another. Nor was the cotton acquired by Mrs. Davis, independently of community aid, as compensation for her personal labor, so as to constitute same her personal earnings. The children were constituents of the family of Davis, their stepfather, and the benefit of their services accrued to the community estate. Gorman v. State, 42 Tex. 221; 29 Cyc. 1167; 20 R. C. L. 594. The teams, tools, and feedstuff which were used in making the crop were community property. Aside, therefore, from the personal labor of Mrs. Davis, the community estate contributed materially to the production of the cotton.

[2] The chattel mortgage executed by W. E. Davis constituted a valid lien on the bale of cotton. The balance due on the debt secured by the mortgage exceeds the value of the cotton. The defendants in error, as a consequence of their conversion of the cotton, became liable to the plaintiff in error for its value. Boydston v. Morris, 71 Tex. 697, 10 S. W. 331; Focke v. Blum, 82 Tex. 436, 17 S. W. 770.

The material facts are uncontroverted, and the case appears to have been fully developed. We therefore recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed and judgment be here rendered for the plaintiff in error for damages in the sum of $99.50 and interest on that amount at the rate of 6 per cent. per annum from January 31, 1925.

GREENWOOD and PIERSON, JJ. Judgments of the Court of Civil Appeals and county court both reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.