**KRAUSE et al. v. KESSLER et al.**

**No. 10185.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 17, 1937.

Rehearing Denied Jan. 19, 1938.

L. D. Stroud and Wade & Wade, all of Beeville, for appellants.

O. Kennedy, of Beeville, for appellees.

SMITH, Chief Justice.

Mrs. S. S. Severn owns certain land in Bee county and gave the use of the land to her sister, Mrs. Edith Krause, a married woman, for the crop year of 1933. The

land was planted to broom corn for that year, and the crop harvested therefrom was levied upon and sold under an execution to satisfy a judgment rendered in favor of V. E. Kessler and against Mrs. Krause's husband. Mrs. Krause brought this suit against Kessler for damages upon the theory that the seized crop was her separate property, or personal earnings, and she sought to recover of Kessler as for conversion. From a judgment based upon a directed verdict against her, Mrs. Krause has appealed.

Mrs. Krause, appellant, contends that the crop in law constituted rents derived from her separate estate, or, in the alternative, her personal earnings, and that, under the statute, it could not be subjected to the payment of her husband's (community) debts, as was done. Vernon's Ann.Civ.St. art. 4616.

The record shows, in effect, that the land was planted and cultivated, and the crops harvested and marketed, by the joint efforts, labor, and funds of the Krause family, and under that state of facts the resulting product was properly subject, as the trial court held, to payment of the debt of the husband incurred in behalf of the community. First Nat. Bank v. Davis, Tex.Com.App., 5 S.W. 2d 753.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant has filed a very vigorous and earnest motion for rehearing, in deference to which we have again reviewed the record, with particular reference to the specific contentions of appellant, and see no reason for receding from the original disposition.

The case actually presented in the record seems to be a simple one, out of which arose the controlling question of whether the proceeds of a crop grown on land the use of which for that particular crop year was given by the owner, as a gift, to Mrs. Krause, individually, constituted her separate property. The crop was planted, cultivated, and harvested by Mrs. Krause and her husband and children, and by laborers employed by her and paid by her out of a part of the proceeds of a loan obtained by her husband upon the community estate. There was no tracing of funds or efforts which could be given the effect of converting the proceeds of the crop from its presumed character of community property, into the claimed character of the wife's separate property. Appellant raises some very interesting questions of law, and presents them with much ability and ingenuity, but the case actually made is the simple one, disposed of in the original opinion, to which we adhere.

Appellant's motion for rehearing is overruled.