MIDYETT v. MIDYETT.

No. 34806. April 15, 1952.

*243 P. 2d 650.*

Howard K. Berry, Oklahoma City, for plaintiff in error.

Wise & Ivester, Sayre, for defendant in error.

GIBSON, J. November 7, 1949, plaintiff filed his petition seeking a divorce from defendant alleging gross neglect of duty and cruelty and praying for a determination of the property rights between the parties. For her answer defendant filed a general denial and asked for a decree granting her separate maintenance, a division of community property interests, alimony and attorney's fees. Following a trial the court, upon request, filed findings of fact and conclusions of law, and rendered judgment wherein plaintiff was granted a divorce. The court found that the parties had accumulated from their joint

efforts, during coverture, property of the value of $7,000, and awarded defendant, "in lieu of a division of community property and in settlement of all community property and alimony allowance, the sum of $3,350.00", inclusive of an attorney's fee of $100. Theretofore the court had entered an order granting defendant temporary support in the sum of $25 a week and $100 temporary attorney's fees. Defendant has now appealed from the judgment.

In this appeal the sole contention raised by defendant is that the trial court failed to follow the evidence in segregating the community property of the parties from the separate property of plaintiff owned by him prior to the marriage, and as a result the property division is inequitable and erroneous.

These parties were married in March, 1945. Our community property law was in force and effect during their married life. As amended in 1945 the Act provided that all property owned by the husband before marriage shall be his separate property. Tit. 32, S. L. 1945, c. 1, §1, p. 118. There was a similar provision as to separate property of the wife.

At the time of the marriage plaintiff owned two farms in Beckham county, one consisting of 40 acres and one 160 acres. In 1946 plaintiff used the proceeds of mineral lease on the lands owned prior to marriage to purchase another farm of 80 acres and ten acres of royalty under still another tract. At the time of the trial in February, 1949, there was very little, if any, change in the value of plaintiff's farms, as such, but the discovery of oil in Beckham county greatly enhanced their speculative or prospective value as oil properties. This situation gives rise to defendant's contention on this appeal.

The trial court held that the increase in the value of the mineral interests in lands owned by plaintiff, at marriage, and of lands and the mineral interest purchased by him from the proceeds of mineral leases on such lands, was not property acquired by joint industry of husband and wife, during coverture, and were not to be considered in making an equitable division of property acquired during coverture.

Was the trial court in error in this conclusion? This is the decisive question in the instant case. In 31 C. J. p. 32, §1116, we find the rule stated as follows:

"In jurisdictions wherein the spouse owning separate property is entitled to the rents, issues, and profits thereof, it is held that such owner is entitled to the natural enhancement in the value of the property accruing while the marriage relation exists, it being regarded as separate property. Under other statutes where the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse or his or her heirs are entitled to one half of the value of the increase or amelioration, if the result of the common labor, expenses or industry, but not where it is proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade."

With reference to plaintiff's lands we are not concerned here with an increase in value occasioned by the expenditure of community funds or joint efforts of the parties. The increase in the value of the mineral rights of plaintiff's lands was an enhancement resultant from the discovery of oil in that vicinity and it was a natural enhancement of value flowing from such discovery without the expenditure of any community funds or any effort by these parties. All such increase was an increase in value of plaintiff's separate property.

"* * *Since by the statute the spouse owning separate property is entitled to the rents, issues, and profits thereof, so such owner must be entitled to the natural increase in value, as such increase is as much the issue of such property as would be the rents derived

therefrom. So, also, under such a rule, the ownership of a specific tract might be constantly changing. As long as its value remained stationary or decreased, it would be separate property. But the moment it increased in value it would become mixed property; that is, in part separate and in part community. And so, again, property that is separate property today might be mixed property tomorrow, and on the next day again be separate property owing to its fluctuation in value. We cannot think this the meaning of the statute. We think the statute meant to declare that a specific article of personal property, or a specific tract of real property, once the separate property of one of the spouses, no matter how it may fluctuate in value, remains so unless by the voluntary act of the spouse owning it its nature is changed." Guye v. Guye, 63 Wash. 340, 115 P. 731.

But defendant insists that plaintiff purchased 80 acres of land for $5,300 and ten acres of royalty for $2,500 during the marriage of the parties and that this was community property. She further says that the lease and royalty dealers who testified for her fixed the value of the 80 acres, at time of trial, as high as $24,000, The purchase of property in the name of either spouse, during coverture and during the time when the Community Property Act was in effect, raises the presumption that the property so acquired was community property. But this court has held that such presumption is prima facie only and it is a presumption that can be overcome by evidence.

"The presumption that while the community property law was in force and effect property acquired during coverture was the community property of the husband and wife is prima facie only, and where title is taken in the husband's name may be overcome by evidence showing that the property was purchased with his separate funds." Lovelady v. Loughridge, 204 Okla. 186, 228 P. 2d 358.

As above stated, the trial court found that these lands were purchased from the proceeds of mineral leases on land which plaintiff owned prior to his marriage.

"Where a profit is realized from the sale of a nonproducing oil and gas lease made subsequent to the effective date of election to come under the terms of Community Property Act, supra, which lease, prior to said date, was the separate property of the husband, said profit is properly taxed as separate income of the husband." Harmon v. Oklahoma Tax Commission, 189 Okla. 475, 118 P. 2d 205.

In cases of equitable cognizance this court will weigh the evidence, but the judgment of the trial court will not be reversed on appeal unless such judgment is against the weight of the evidence. We have examined the entire record in this case and we cannot say that the judgment is clearly against the weight of the evidence. The court correctly held that all of plaintiff's real estate was his separate property.

The trial court found that independent of the increase in value of the plaintiff's mineral interests the plaintiff and defendant accumulated from their joint efforts, during coverture, from trucking and cattle business, the sum of $7,000, and he awarded defendant approximately one-half of that sum. Defendant complains of this finding.

The evidence as to property values was stressed as to the mineral interests and that pertaining to the personal properties was conflicting and at wide variance. There is evidence supporting the trial court's computation and since the judgment as to the value of the community estate is not against the clear weight of the evidence, it will not be disturbed on appeal. Boles v. Boles, 194 Okla. 261, 149 P. 2d 502. The trial court divided the property which was subject to division in approximately equal shares. There is no complaint by defendant of the apportionment. There could be no complaint.

"Where a divorce is granted the husband for the fault of the wife, she is not entitled to alimony as a matter of right, though it may be awarded to her within the discretion of the court." Haynes v. Haynes, 190 Okla. 596, 126 P. 2d 65.

See, also, Herd v. Bilby, 199 Okla. 437, 186 P. 2d 833; Tobin v. Tobin, 89 Okla. 12, 213 P. 884.

In the rendition of the judgment in this case there was no abuse of discretion by the trial court. If, in making the division of the property, the trial court attempted a division on the basis of community property or as alimony, his judgment is supported by the evidence.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.