## SWANDA v. SWANDA.

No. 35105.    July 23, 1952.

Rehearing Denied Sept. 30, 1952.

*248 P. 2d 575.*

Sam L. Wilhite, Anadarko, for plaintiff in error.

Paul D. Sullivan and Jerome Sullivan, Duncan, for defendant in error.

GIBSON, J.    Plaintiff in the trial court is the surviving widow of Antone Swanda, deceased.    Charley Swanda, son of deceased by a former marriage, is executor of the estate.    The parties will be designated as they appeared in the trial court.

Plaintiff and Antone Swanda were married May 19, 1940, and lived together until the husband's death on October 23, 1949.    At the time of the marriage the husband owned two farms in different counties and a home in Carnegie, Oklahoma.    Each property was encumbered by a real estate mortgage.    He also owned certain farm equipment and two Indian leases.    During their married life and by their joint efforts, co-operation and thrift, all mortgage indebtedness was paid and the parties accumulated a great deal of personal property consisting of new farm machinery, U. S. Bonds and Postal Savings certificates, wheat, alfalfa seed and bank accounts.    The source of their income was in excellent crops from the farms of the deceased and in livestock.    In the last years of their married life they filed joint Federal income tax returns, revealing gross income or earnings of from $10,000 to $18,000 per year.

During this time plaintiff was more than a housewife. She hauled cotton and wheat to market, operated a tractor, boarded farm hands, kept books, co-operated in the purchase and sale of properties and maintained the home. No attempt was made to refute her testimony as to the joint efforts and labors of the parties in their accumulation of the involved personal properties.

Antone Swanda was the father of eight children by a former marriage. All children were adults when he married plaintiff. He left a will, which is not in the record, but it is apparent that he bequeathed the home to plaintiff and the bulk of the remainder of his estate was given to his children.

Plaintiff filed her petition in which she alleged that the personal property therein described was accumulated by the joint efforts of the husband and wife during coverture, and that she is the owner of an undivided half interest in said personal property and entitled to possession and control thereof in order to account to the executor for the remaining undivided one-half. During trial court proceedings the personal property was sold under order of court and the proceeds paid into court.

Defendant denies that there was any partnership or community property and says that all of the involved property was the separate property of deceased, accumulated by and through the income, issues, rents and profits of his separate property. It is further alleged that the Community Property Law of 1945, Tit. 32 O.S. 1951, §§66 to 82, is unconstitutional, being violative of the Constitutions of the State of Oklahoma and of the United States.

The trial court rendered judgment declaring certain personal property therein set forth to be community property and awarded one-half thereof to the plaintiff. In the judgment certain properties claimed by plaintiff were declared to be the separate property of deceased at the time of his death.

If the community property law of 1945 is valid, there is no contention by either party that the division of the personal property, declared by the court to be community property, was not sustained by the evidence. The judgment must stand or fall on the constitutionality of the Act. That Act was repealed by H. B. 13 of the 22nd Legislature, Tit. 32, O.S. 1951 §66, effective June 2, 1949. All property involved herein was accumulated prior to the date of repeal.

Defendant says that the 1945 Act was enacted in violation of art. II, sec. 7 of the Oklahoma Constitution and the Fourteenth Amendment of the Federal Constitution (due process) and in violation of art. II, sec. 15, Oklahoma Constitution, and art. I, sec. 10, United States Constitution (impairing obligation of contracts), and in violation of art. II, sec. 2, Oklahoma Constitution (guaranteeing right of enjoyment of the gains of one's own industry).

We have read the numerous cases cited under each of defendant's propositions. A review of all such cases would extend this opinion unduly.

It is said that in Harmon v. Oklahoma Tax Commission, 189 Okla. 475, 118 P. 2d 205, this court held the 1939 Community Property Law to be constitutional for the reason that participation by the spouses was optional and that the due process clause was not invaded where one was deprived of his property by his own consent and it is argued that the inference can only be that the 1945 Act was compulsory and would, therefore, be unconstitutional.

But no Act of the Legislature is to be declared unconstitutional on inferences.

"This court will give to every act of the Legislature every presumption of a legislative intention to conform to the provisions of the Constitution." State ex rel., etc., v. Carter, etc., 167 Okla. 32, 27 P. 2d 617.

In no doubtful case will the court pronounce legislation to be contrary

to the Constitution but every reasonable doubt will be resolved in favor of its validity. Williams, Receiver, etc., v. Mayor and City Council of Baltimore, 289 U. S. 36, 53 S. Ct. 431; Toombs v. Citizens Bank, etc., 281 U.S. 643, 50 S. Ct. 434.

With us, merely to doubt the constitutionality of a statute is to uphold it. We so said in Re Lee, 64 Okla. 310, 168 P. 53.

Every legislative act is presumed to be constitutional, and if there is doubt the expressed will of the Legislature should be sustained. Dies v. Bank of Commerce of Sapulpa, 100 Okla. 205, 229 P. 474.

In Nebbia v. New York, 291 U. S. 502, 54 S. Ct. 505, it is said that so far as the requirement of due process is concerned, and in the absence of other constitutional provisions, a state is free to adopt whatever economic policy may reasonably be deemed to promote public welfare, and to enforce that policy by legislation adapted to its purpose. If the laws passed are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied. It is further said that the Legislature is the judge of the necessity of such an enactment and every possible presumption is in favor of its validity, and it will not be annulled unless palpably in excess of legislative power.

With the foregoing rules for determination of the constitutionality of a legislative act before us, we examine the act in question.

Sec. 1 of the Act, S.L. 1945, p. 118, provides:

"All property of the husband, both real and personal, owned or claimed by him before marriage or before the effective date of this Act, whichever is later, and that acquired afterwards by gift, devise, or descent, or received as compensation for personal injuries, shall be his separate property."

Sec. 2 is a similar provision with reference to the separate property of the wife.

Defendant's attack is directed against sec. 3, which provides:

"All property acquired by either the husband or wife during marriage and after the effective date of this Act, except that which is the separate property of either as hereinabove defined, shall be deemed the community or common property of the husband and wife, and each shall be vested with an undivided one-half interest therein; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains unless the contrary be satisfactorily proved."

All rights under a community property law are statutory. The advisability of adoption of the community property system lies with the Legislature, and not with the courts.

In 1939 Oklahoma adopted its first community property law and it was optional as to whether or not married persons availed themselves of the benefits of its provisions. In 1944 the Supreme Court of the United States, in Commissioner of Internal Revenue v. Harmon, 323 U. S. 44, 65 S. Ct. 103, 89 L. Ed. 60, declared that, under the optional provision, the community property statutes of Oklahoma did not operate to permit married citizens of this state to obtain a tax advantage by filing separate income tax returns. The Legislature, in 1945, then passed the law now under consideration. It thus appears that the legislative purpose was to obtain an advantage for its citizens in federal taxation coequal with those of Texas and other community property states. Otherwise, the federal tax law, and the federal agencies in their administration of the law, made great discrimination in favor of community property states. Such possibility of discrimination with respect to the community property law of the State of Washington had been upheld

in Poe, Collector, etc., v. Seaborn, 282 U. S. 101, 51 S. Ct. 58.

As was said in Nebbia v. New York, 291 U. S. 502, 54 S. Ct. 505, so far as the requirement of due process is concerned the state was free to adopt whatever economic policy may reasonably be deemed to promote public welfare, and the courts are without authority to declare such policy, "or, when it is declared by the Legislature, to override it." And it was further said that if the law passed is seen to have a reasonable relation to a proper legislative purpose and is neither arbitrary nor discriminatory, the requirements of due process are satisfied. We hold that the 1945 Act is in conformity with such rules of testing its constitutionality.

Defendant places great reliance upon Willcox v. Penn Mutual Ins. Co., 357 Pa. 581, 55 At. 2d 521, in which the Pennsylvania court declared the community property law of that state invalid in its entirety by reason of the invalidity of its provisions making income and profits derived from the property, real and personal, owned by one spouse prior to the effective date of the law, the common property of both spouses. That court announced that the community property law represents a concept of property that is entirely alien and foreign to that of the common law as to the marital rights in property. It declared that under the Spanish law the profits of separate property owned by each spouse at marriage becomes the property of the community, each spouse owning one-half. It recognized that this principle is followed in some community property states such as Idaho, Louisiana, and Texas, while the states of Arizona, California, Nevada, New Mexico, and Washington had statutes providing that after marriage the income from separate property shall also be separate property. The court said it was not aided by the laws and policies of the community property states but must construe, independently, the

Pennsylvania Act. The court was jealous of the common-law concepts of property rights. The legal concept of the community property system is foreign to that of the common law. Oklahoma was carved out of the Louisiana Purchase and geographically, commercially and socially this state is more closely associated with the community property states of Louisiana, Texas, and New Mexico than with the common-law states of the Atlantic coast.

There is a factual distinction between the instant case and the Willcox case, supra. In the latter case a bill of equity was filed to compel issuance of a paid-up life insurance policy. All premiums were paid by deceased from income received from three sources: (1) from a trust created under the will of his grandfather; (2) a dividend on corporate stock owned by him; (3) cash which he owned prior to the effective date of the community act. All were his separate property and none of the premiums were required as the result of joint effort of husband and wife during coverture.

The recent case of Midyett v. Midyett, 206 Okla. 312, 243 P. 2d 650, dealt with the enhancement of the value of separate property owned by a spouse prior to marriage. In the second syllabus of that case there was inadvertently included language to the effect that a spouse, owning separate property before marriage, is entitled "the rents, issues and profits thereof, including", etc. The employment of the quoted words was improper since rents, issues and profits were not therein involved. The use of the above-quoted words in the syllabus is hereby disapproved, and the syllabus is corrected to read as follows:

"2. The husband or wife owning separate property, acquired before marriage, is entitled to the natural enhancement in its value, where it is proved that the increase in value, occurring during coverture, is due only to the ordinary course of events, or to a rise

in the value of the property or is occasioned by discovery of oil in the vicinity and was not caused or produced by the expenditure of funds or joint efforts of the community."

As so corrected the Midyett case is not in conflict with our decision herein.

The community property systems of the several adopting states is derived from the law of Spain. The basic idea of the Spanish law was that upon marriage the husband and wife become partners as to subsequent "gains and acquests" with the profits of the partnership to be divided equally upon its dissolution. Both partners contributed to the partnership their time and efforts and the use of and revenue derived from their individual capital.

Confusion has arisen in the decision of the several community property states, with reference to the ownership of the fruits and profits of the separate property of one spouse, where certain states have enacted laws specifically declaring such fruits and profits to remain the separate property of the spouse who is owner. Oklahoma has no such statute, and the decisions in the states adopting such statutes are of little value in considering the problem before us.

Our community property law is taken very largely from Texas and in that state it has been consistently held that crops from the separate property of one spouse are community property, especially where produced by the joint efforts of the community. Hanks v. Leslie (Tex. Civ. App.) 159 S. W. 1056; First National Bank, etc., v. Davis (Tex. Com. App.) 5 S. W. 2d 753; DeBlane v. Lynch, 23 Tex. 25; Krause v. Kessler (Tex. Civ. App.) 112 S. W. 2d 342.

The same rule prevails in Louisiana. Trezevant v. Holmes, 38 La. Ann. 146.

Defendant's complaints in the main are complaints against the policy of the law, but the wisdom of its adoption lies with the Legislature. It cannot be said that the law, once adopted, deprives the owner of his property, or that it impairs the obligations of his contract of purchase of his property or that it deprives him of the gains of his industry, when it is applied only to the gains made by the community during its existence and to gains made by the joint industry of the members of the community. In the absence of a statute to the contrary, community property includes all property acquired by either spouse, during marriage, by toil, talent, energy or productive faculty and the fruits and profits of the separate property of either spouse. Logan v. Logan (Tex. Civ. App.) 112 S. W. 2d 515.

By statute the community property states of California, Arizona and Washington have declared that the increase, income and profits of separate property remain separate property. Oklahoma has no such statute and we conceive the true and equitable rule to be that the income and profits of real estate owned by either spouse, when produced by the joint effort, industry and management of both spouses, during coverture, to be community property. This rule does not deprive the husband of his separate real estate. It remains intact. Land, of itself, cannot produce a wheat crop. The production of a crop requires the expenditure of human labor and planning, which in this case was furnished only by the community. The crop when produced was the result of the toil, talent, energy and productive talent of both husband and wife, while the husband's land was an aiding instrumentality of the production. There was no profit or fruits from the land except that which was produced by the community labor and intelligence.

In this case the trial court carefully divided the property and declared only such as was acquired by joint effort and industry of the spouses, during coverture and during the period covered by the 1945 Act, to be community property.

Judgment affirmed.

HALLEY, V.C.J., and WELCH, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.