Estate of Charles B. Longcor, Deceased, Harold M. Longcor, Administrator v. Commissioner.
Estate of Charles B. Longcor v. Commissioner
Docket Nos. 29963, 32987.
United States Tax Court
1954 Tax Ct. Memo LEXIS 314; 13 T.C.M. (CCH) 73; T.C.M. (RIA) 54039; January 29, 1954
*314 1. The petitioner's decedent acquired all of the property owned by him at his death during his marriage but prior to July 26, 1945, the effective date of the Oklahoma Community Property Act. The petitioner reported the decedent's gross estate as though the Oklahoma Community Property Act of 1945 were applicable to the property of the decedent. Held, that the Oklahoma Community Property Act of 1945 (now repealed) did not apply, for federal estate tax purposes, because the property had been acquired during coverture but prior to the effective date of the Act. Held, further, that the respondent properly made certain adjustments in computing the income tax liability of the estate for the taxable period April 6 to Dec. 31, 1948, which necessarily followed from the determination that property was not held as community property. 2. Held, that the petitioner failed to produce competent evidence to overcome the presumption of correctness of the respondent's determination of the fair market values of properties. 3. Upon the facts, held, that other determinations of the respondent are correct. Harold M. Longcor, 310 Knox Building, Enid, Okla., pro se. E. G. Sievers, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined deficiencies in estate tax and in income tax for the period April 6, 1948 to December 31, 1948, as follows: Docket No. 29963, Estate Tax
$6,221.34
Docket No. 32987, Income Tax
2,895.91
One of the questions presented, which arises in Docket No. 29963, is whether properties held by the decedent at the time of death were held as community property under the Oklahoma Community Property Act of 1945. The Commissioner has determined that the properties were not held as community property and he has made determinations in Docket No. 32987 which follow therefrom and are consistent therewith. If the properties in question were not held as community property it follows that all of the income of the property is income of the estate, *317 rather than one-half; all of the wheat produced on the farm property, which was on hand, belongs to the estate, rather than one-half; and the estate is entitled to deduct the depreciation allowance on all of the property, rather than the depreciation on one-half. These matters are covered by the second, third, and fourth issues in Docket No. 32987 which present the following questions: Issue 2. Whether the income received by the estate during the period April 6 to December 31, 1948, is taxable in its entirety to the estate. Issue 3. Whether there should be excluded, or deducted, from income of the estate the sum of $614.70, representing one-half of the value of certain wheat on hand at the time of the decedent's death. Issue 4. Whether the estate is entitled to an additional deduction for depreciation in the amount of $1,342.98 on all of the property as the respondent has determined. In Docket No. 29963, there are two additional issues, whether the fair market value of 1,949 acres of farm and ranch lands located in Seward County, Kansas, was $16,000 on April 6, 1948, or $26,311.50, as determined by the respondent; and whether the fair market value of a one-eighth gas royalty *318 derived from these farm and ranch lands was $12,145 on April 6, 1948, or $26,900, as determined by the respondent. In Docket No. 32987 there is a further question, whether the petitioner is entitled to a deduction for the period April 6, 1948, to December 31, 1948, of the amount of $5,278.46 as income properly paid or credited to the decedent's heirs under the provisions of section 162 (c) of the Internal Revenue Code. Findings of Fact The decedent died intestate on April 6, 1948. He was survived by his wife, Sadie D. Longcor, and Harold M. Longcor, his son. Harold M. Longcor was appointed administrator of the estate. The administrator filed original and amended estate tax returns with the collector of internal revenue for the district of Oklahoma. In the estate tax returns the administrator, hereinafter referred to as the petitioner, included in the gross estate one-half of the fair market value of 1,949 acres of farm and ranch lands located in Seward County, Kansas, and one-half of the fair market value of a one-eighth gas royalty on those lands. The fair market values reported for the properties as a whole and those determined by the respondent in *319 his determination of deficiency are as follows: F.M.V.
Reported
F.M.V.
in Estate
Deter-
Tax Returns
mined
1,949 acres of farm and
ranch lands
$16,000.00
$26,311.50
Mineral rights
(gas royalties)
12,145.00
26,900.00
The farm and ranch lands consisted of 368 acres of farm land and 1,581 acres of ranch land. The mineral rights in these lands were leased by the decedent in consideration of a one-eighth gas royalty. The lands lie in the Hugeton gas field, which covers several counties in southwest Kansas and portions of Oklahoma and Texas. Producing gas wells had been drilled on the Longcor lands during 1947. Producing wells were also located on lands adjacent to the Longcor property. The Hugeton field was producing gas exclusively. In the estate tax return the gross estate was reported as community property and no marital deduction was claimed by the petitioner. In his deficiency notice the respondent refused to recognize the application of the Oklahoma Community Property Act of 1945 to the estate and in lieu thereof allowed a marital deduction amounting to $122,722.17. All of the properties owned by the decedent at the time of his death were *320 acquired during his marriage to Sadie D. Longcor and prior to July 26, 1945. The decedent and his wife in their state income tax returns for 1945 reported income from properties as community income. On June 3, 1949, the administrator filed with the County Court of Garfield County, State of Oklahoma, which has exclusive probate jurisdiction, a final account of the administrator for the period from April 20, 1948, to June 1, 1949. Included therein are the following petitions: "PETITION FOR DISTRIBUTION "Harold M. Longcor further reports that the said estate is ready for settlement and distribution, that the debts and claims against said estate, and that the Federal and Oklahoma State Estate Taxes have all been paid, leaving the balance of cash as shown by the appraisal of said estate to be distributed between the parties lawfully entitled thereof, as follows: Sadie D. Longcor, widow of the deceased, and Harold M. Longcor, sole surviving son of the deceased, to each an undivided One-half (1/2) interest therein, share and share alike. "PETITION FOR DETERMINATION OF HEIRSHIP "Said Administrator further represents that the above named Sadie D. Longcor is the surviving widow *321 of the said Charles B. Longcor, deceased, and that the above named Harold M. Longcor is the sole surviving child of the said Charles B. Longcor, deceased, and that there are no other surviving lineal issue of the said Charles B. Longcor, deceased, and that this Court should so order, adjudge and decree, and further order, adjudge and decree that the said Sadie D. Longcor, surviving widow, and Harold M. Longcor, sole surviving child of the said Charles B. Longcor, deceased, shall be determined, and adjudged to be entitled to the whole of the property of the said Charles B. Longcor, deceased, each in the proportion of an undivided one-half (1/2) part thereof, share and share alike, and that such ownership and inheritance be fully and finally so decreed by this Court." On September 30, 1949, the administrator filed with the County Court of Garfield County, Oklahoma, another final account covering the period from April 20, 1948, to September 30, 1949. Included therein were the identical petitions quoted above. Neither of the documents made any mention of, nor gave an accounting for, the sum of $5,278.46 which the petitioner contends was income properly paid or credited to one of the *322 decedent's heirs. On September 30, 1949, the court entered its Decree of Settlement of Final Account, Determination of Heirship and Distribution of Estate. In this decree the court ordered the distribution and determined the heirship in accordance with the petitions included in the administrator's accounts as set out above. The fair market value of the 1,949 acres of farm and ranch lands located in Seward County, Kansas, was not less than $26,311.50 on April 6, 1948. The fair market value of the one-eighth gas royalty interest in the 1,949 acres of farm and ranch lands was not less than $26,900 on April 6, 1948. Opinion The first issue for our decision grows out of the petitioner's contention that the Oklahoma Community Property Act of 1945 is applicable to the property acquired by the decedent during his marriage to Sadie D. Longcor but prior to July 26, 1945, the effective date of the Oklahoma Community Property Act. This Act was passed after the former Community Property Act of Oklahoma was declared unconstitutional by the Oklahoma Supreme Court. See John Miller Kane, 11 T.C. 74. The petitioner, in filing the original and amended estate tax returns, dealt with *323 the decedent's property as though Sadie D. Longcor had acquired a 50 per cent interest therein under the terms of the Community Property Act of Oklahoma. The respondent refused to recognize the applicability of the Oklahoma law to the decedent's estate and determined the deficiencies here in question after allowing a marital deduction of $122,722.17. The Oklahoma Community Property Act of 1945 provided in pertinent part as follows: " § 66. Separate property of husband. - All property of the husband, both real and personal, owned or claimed by him before marriage or before the effective date of this Act, whichever is later, and that acquired afterwards by gift, devise, or descent, or received as compensation for personal injuries, shall be his separate property. Laws 1945, p. 118, § 1. " § 67. Separate property of wife. - All property of the wife, both real and personal, owned or claimed by her before marriage or before the effective date of this Act, whichever is later, and that acquired afterwards by gift, devise, or descent, or received as compensation for personal injuries, shall be her separate property. Laws 1945, p. 118, § 2. " § 68. Community or common property. *324 - All property acquired by either the husband or wife during marriage and after the effective date of this Act, except that which is the separate property of either as hereinabove defined, shall be deemed the community or common property of the husband and wife, and each shall be vested with an undivided one-half interest therein; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains unless the contrary be satisfactorily proved. Laws 1945, p. 118, § 3." It would appear from the language quoted above that the Oklahoma Community Property Act is inapplicable here since all of the decedent's property with which we are concerned was acquired by him before the effective date of the Act, July 26, 1945. The petitioner admitted this at the hearing. However, the petitioner relies upon the presumption set up by the last clause of section 68, which is set out above, and contended both at the hearing and upon brief that the respondent has failed to rebut the presumption in favor of the community status raised by the statute. It is not necessary for us to decide whether the presumption raised by the laws of *325 Oklahoma is sufficient in strength to overcome the presumptive correctness of the respondent's determination herein. It is enough to point out that the presumption raised by section 68, on which the petitioner relies, is applicable only to that property which is acquired during marriage and subsequent to the effective date of the Oklahoma Community Property Act. This rule was stated by the Supreme Court of Oklahoma in the case of Midyett v. Midyett, 243 Pac. (2d) 650, 653, where it was said: "* * * The purchase of property in the name of either spouse, during coverture and during the time when the Community Property Act was in effect, raises the presumption that the property so acquired was community property. * * *" In addition to the presumption discussed above the petitioner, in endeavoring to prove the application of the Oklahoma Community Property Act of 1945 to the decedent's estate, also relies upon the fact that state income tax returns were filed by the decedent and his wife for 1945 in which the income from the properties in question were reported on a community property basis. If it is a fact that the State of Oklahoma accepted such treatment of income, *326 either because no investigation of the facts were made, or because of an erroneous interpretation of the Oklahoma law, that fact is immaterial here. The question before us arises under the Federal estate tax provisions and this Court is bound to make its own determination and apply the law correctly. See Helvering v. Stuart, 317 U.S. 154. Examination of the authority contained in Midyett v. Midyett, supra, leads us to believe that our interpretation of the Oklahoma law is correct. All of the property owned by the decedent at the time of his death was acquired by him prior to July 26, 1945. Since that is true, we must sustain the respondent's determination that the property is includible in the estate in its entirety as the respondent has determined. It therefore follows that the respondent's determinations with respect to the second, third and fourth issues raised in Docket No. 32987 are equally correct. Since Sadie D. Longcor had no interest in the properties belonging to the decedent under the Oklahoma Community Property Act of 1945, the income from that property distributed to and reported by her belonged to the estate in its entirety, as did all of *327 the wheat. The respondent's action in allowing the estate an additional deduction for depreciation in the amount of $1,342.98 is correct for the same reasons. The second and third issues raised in Docket No. 29963 must be decided for the respondent. The petitioner failed to produce the barest scintilla of competent evidence to support the fair market values of the farm and ranch lands and one-eighth royalty interest for which he contends. Since this is the case, the petitioner has not met his burden of proof. The determinations of the respondent under these issues must be sustained. Rule 32, Rules of Practice before The Tax Court of the United States. Furthermore, the respondent produced the testimony of competent experts who understood the definition of fair market value and knew the property in question. This evidence, which was strong and convincing, supports the respondent's determinations of the fair market values of the land and of the one-eighth gas royalty. The first issue raised by Docket No. 32987 must be decided for the respondent, also. The petitioner contends that the amount of $5,278.46 distributed to him as an heir of the decedent constituted a distribution of income *328 properly credited to the decedent's heirs under the provisions of section 162 (c) of the Internal Revenue Code. The respondent contends that the distribution was from the corpus of the estate, and, therefore, is not deductible. No competent evidence has been presented to support the position taken by the petitioner. The two accounts filed with the Garfield County Court made no mention of the distribution in question, nor did the final decree of that court settling the estate. It is not possible to determine from the record before us the source of the distribution. Since there is no proof that the distribution was not out of the corpus of the estate, we must sustain the determination of the respondent under this issue. Decisions will be entered for the respondent.