Elizabeth SMITH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 5238.

United States Court of Appeals
Tenth Circuit.

Feb. 14, 1956.

Roy C. Lytle, Oklahoma City, Okl., for appellant.

Kenneth E. Levin, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Robert N. Anderson and A. F. Prescott, Washington, D. C., were with him on the brief; Paul W. Cress, U. S. Atty.,

and Leonard L. Ralston, Asst. U. S. Attys., Oklahoma City, Okl.), for appellee.

Before BRATTON, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This appeal involves a deficiency in income taxes for the year 1945, in the sum of $25,253.61. The item of income in question was rental from a lease covering property owned by the plaintiff, Elizabeth Smith, and received after July 26, 1945, the effective date of the Oklahoma Community Property Act of 1945, Okl.Sess.Laws 1945, p. 118, Title 32 Secs. 1, 2, 3 (herein referred to as "the Act"), but earned prior to that date. In their income tax returns for the year 1945, the plaintiff and her husband, J. H. Smith, treated the rentals as community property. The Commissioner of Internal Revenue held that it was the separate property of Elizabeth and computed the deficiency accordingly. The deficiency was paid and this action brought to recover the same. The trial court agreed with the Commissioner and denied recovery.

The lease was for business property in Oklahoma City, Oklahoma and for a term of five years, beginning October 1, 1944. The lessor agreed to pay as rental three and one-half percent of its ordinary gross sales and one and three-quarters percent of the gross military sales, with a minimum guaranteed rental of $3,000 per month, payable on the first day of each month during the term of the lease. The gross sales were to be computed at the end of each year of occupancy; after deducting the $3,000 monthly payments, the balance, if any, was to be paid to the lessor within fifteen days after the close of each lease year. For 1945 this balance amounted to $63,202.98, and was paid to Elizabeth on October 15th of that year. The percentage rentals for the months of August and September exceeded the minimum requirements. The Commissioner computed the percentage rentals which

were earned prior to the effective date of the Act and found them to be $47,845.59. There is no dispute as to the mathematical computations; it is agreed that the sole question is whether the percentage earnings prior to the effective date of the Act, but paid afterwards under the provisions of a lease, are taxable to Elizabeth as separate income or are community property of Elizabeth and her husband.[1] The pertinent sections of the Oklahoma Community Property Act of 1945 read:

"Wife's Separate Property.

"Section 2. All property of the wife, both real and personal, owned or claimed by her before marriage or before the effective date of this Act, whichever is later, and that acquired afterwards by gift, devise, or descent, or received as compensation for personal injuries, shall be her separate property.

"Community Property.

"Section 3. All property acquired by either the husband or the wife during marriage and after the effective date of this Act, except that which is the separate property of either as hereinabove defined, shall be deemed the community or common property of the husband and wife, and each shall be vested with an undivided one-half interest therein; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains unless the contrary be satisfactorily proved."

The status of property depends upon the state law as declared by its statutes and its courts. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Trapp v. United States, 10 Cir., 177 F.2d 1, certiorari denied 339 U.S. 913, 70 S.Ct. 573, 94 L.Ed. 1339. The Oklahoma statutes provide that property owned or claimed by one spouse before marriage or before the effective date of the Community Property Act remains the separate property of that spouse. All property "acquired" by either spouse during marriage and after the effective date of the Community Property Act is deemed to be community property. It is conceded here that the minimum rentals which were paid prior to August 1945 were the separate property of Elizabeth and that those paid afterward were community property. The contention is that the percentage rentals, not being payable and, it is alleged, not even computable, until after the effective date of the Act, were not "acquired" until received, therefore were community property.

The exact question here has not been before the Oklahoma courts, but we think they have charted a clear course. The 1939 Community Property Act was considered in Harmon v. Oklahoma Tax Commission, 189 Okl. 475, 118 P.2d 205. It was there held that the profits from the sale of an oil and gas lease owned by the husband before the effective date of the Act, but sold afterwards, was the separate income of the husband. It was also held that the income from the sale of oil and gas from the lease after the effective date of the Act was not a sale of the corpus of real estate and community property. This is not authority for the proposition that sales of oil prior to the effective date of the Act but paid for afterwards would be community income. In Clanton v. Oklahoma Tax Commission, 208 Okl. 92, 253 P.2d 562, it was held that profit arising from the

---

1. The appellant's brief states the proposition as follows:

"There is no dispute about the income being reportable in 1945. The difference of opinion involves the character or the ownership of the percentage rents when received on October 15, 1945. Was the $47,845.59 separate property because it was payable under a lease executed prior to the effective date of the community property law on sales made prior to the effective date of the community property law, although computed and received subsequent to the effective date of that law? Or, was the $47,845.59 community property because it was acquired by the appellant and her husband in October 1945?"

sale of corporate stock owned or claimed by the husband prior to the effective date of the Act constituted separate income of the husband even though sold after the effective date of the Act. It was stated that the term "acquired", as used in the Act, means the inception of the title to property, not the completion or ripening of it. In the Clanton case the court relied upon Wrightsman v. Commissioner, 5 Cir., 111 F.2d 227, 228, which discussed the meaning of the word "acquired" as used in the Texas Community Property Law, Vernon's Ann.Civ.St. art. 4619.[2] In the Wrightsman case the taxpayer was a resident of the State of Oklahoma and an employee of a Delaware corporation. After he became a resident of Texas on December 24, 1936, he was allowed and paid $50,000 as salary for the year 1936 and contended that this was community property. The court denied the claim, stating that "it is settled law in Texas that as used in the statute (Vernon's Ann.Civ.St. art. 4619), 'acquired' refers to the origin or inception of the right or title, rather than the completion or ripening of it."[3]

 It is conceded that the sales percentages, prior to the effective date of the Act, created an obligation on the part of the lessee to pay those amounts to Elizabeth. It makes no difference that these amounts were not to be computed until after the date of the Act. The obligation to pay existed and Elizabeth had a right to receive, which could not be divested. Even if there had been no sales at all during the two months after the date of the Act, Elizabeth's right to full payment for prior months would not be divested. The total amount she would receive as a lump sum payment would be less, but that would merely amount to payment of each month's income at one time, with no element of divestment of prior months' income involved. The obligation was one which she could enforce at a later date and was as much her property as were the $3,000 monthly payments, even though they were not determined and received until later. They were "acquired" as of the date upon which they were earned and the right to them vested at that time. Commissioner of Internal Revenue v. King, 5 Cir., 69 F.2d 639; Veit v. Commissioner, 8 T.C. 809.

Judgment affirmed.

---

2. The Oklahoma Community Property Act of 1945 was taken largely from the Texas Act. Swanda v. Swanda, 207 Okl. 186, 248 P.2d 575.

3. In referring to the origin or inception of a right, the court said:
"* * * Whether a claim of right or title to property is to be regarded as the origin or inception, and therefore for the purpose of determining its character as separate or community, the acquisition of it is not to be determined by whether the claim was when first asserted, legally enforceable. What is important is, was the claim to the right or title asserted in good faith; was it pursued and persisted in until the right or title ripened; that is, was the ripening of the title or right, in law and in fact, referable to the claim."