MINORS — FAMILY PLANNING SERVICES — EFFECT OF U.S. SUPREME COURT HOLDING ON STATUTE The provisions of 63 O.S. 2601 [63-2601] and 63 O.S. 2602 [63-2602] (1976) are valid on their face, and any questions as to whether the application of such provisions to any given situation may or may not conflict with the Federal Social Security Act should properly be directed to the Social Security Administration for determination. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: In view of the recent United States Supreme Court decision in the case of Jones v. T-H, Supreme Court No. 75-624, is Senate Bill 591 of the 1976 legislative session valid? In Jones v. T-H, Supreme Court No. 75-624, the United States Supreme Court made summary disposition of the appeal with no formal opinion on May 24, 1976, and in so doing entered the following Order: "Motion of Appellee for Leave to Proceed In Forma Pauperis is granted. Without indicating any views on whether the District Court's decision on the constitutional issue was sound, we affirm the Judgment of the District Court insofar as it invalidated the challenged regulation of the Utah Division of Family Services as inconsistent with the Social Security Act. The Chief Justice and Mr. Justice Rehnquist would note probable jurisdiction and set the case for oral argument." According to the Amicus Curiae Brief filed by the United States Department of Health, Education and Welfare in the Jones case, the welfare regulations of the State of Utah affirmatively require minors eligible for assistance under the State's programs of Aid to Families of Dependent Children and Medical Assistance to obtain parental consent before they may receive family planning services under such programs. The District Court in Jones v. T-H, supra, held that regulations of the Utah Division of Family Services prohibiting family planning services and information to minors without parental consent were invalid since they were in conflict with the Federal Social Security Act. With respect to the AFDC program, Section 402(a) of the Social Security Act, 42 U.S.C. (Supp. IV), 602(a), provides in part as follows: "A State plan for aid and services to needy families with children must *** "(15) provide as part of the program of the State for the provision of services under Title XX *** for the development of a program, for each appropriate relative and dependent child receiving aid under the plan *** for preventing or reducing the incidence of births out of wedlock and otherwise strengthening family life, and for implementing such program by assuring that in all appropriate cases (including minors who can be considered to be sexually active) family planning services are offered to them, and are provided promptly . . . to all individuals voluntarily requesting such services****" (Emphasis added.) With respect to the Medicaid program, Section 1905(a)(4)(c) of the Act, 42 U.S.C. (Supp. IV), 1396d(a) (4) (c), requires that state Medicaid programs must cover family planning services and supplies furnished to individuals of child-bearing age, including minors who can be considered to be sexually active, who desire such services and supplies. Thus, under both of these programs the United States Congress has required that family planning service and information be given to sexually active minors. Senate Bill No. 591 of the 1976 legislative session, enacted as Chapter 161, O.S.L. 1976, unlike the Utah legislations in Jones v. T-H, supra, is not a sweeping or blanket prohibition on minors receiving birth control information or services without parental consent. Section 1 of Chapter 161, O.S.L. 1976, codified as 63 O.S. 2601 [63-2601] (1976), reads as follows: "For the purposes of this act, the following words and phrases mean: "(a) 'Minor' means any person under the age of eighteen (18) years of age, except such person who is on active duty with or has served in any branch of the Armed Services of the United States shall be considered an adult. "(b) 'Health Professional' means for the purpose of this act any licensed physician, psychologist, dentist, osteopathic physician, podiatrist, chiropractor, registered or licensed practical nurse or physician's assistant. "(c) 'Health Services' means services delivered by any health professional including examination, preventive and curative treatment, surgical, hospitalization, and psychological services, except abortion or sterilization. Should the health services include counseling concerning abortion, all alternatives will be fully presented to the minor. Services in this act shall not include research or experimentation with minors except where used in an attempt to preserve the life of that minor." Section 2 of Chapter 161, O.S.L. 1976, codified as 63 O.S. 2602 [63-2602] (1976), reads as follows: "A. Notwithstanding any other provision of law, the following minors may consent to have services provided by health professionals in the following cases: "1. Any minor who is married, has a dependent child or is emancipated; "2. Any minor who is separated from his parents or legal guardian for whatever reason and is not supported by his parents or guardian; "3. Any minor who is or has been pregnant, afflicted with any reportable communicable disease, drug and substance abuse or abusive use of alcohol; provided, however, that such self-consent only applies to the prevention, diagnosis and treatment of those conditions specified in this section. Any health professional who accepts the responsibility of providing such health services also assumes the obligation to provide counseling for the minor by a health professional. If the minor is found not to be pregnant nor suffering from a communicable disease nor drug or substance abuse nor abusive use of alcohol, the health professional shall not reveal any information whatsoever to the spouse, parent or legal guardian, without the consent of the minor; "4. Any minor parent as to his child; "5. Any spouse of a minor when the minor is unable to give consent by reason of physical or mental incapacity; "6. Any minor who by reason of physical or mental capacity cannot give consent and has no known relatives or legal guardian, if two physicians agree on the health service to be given; or "7. Any minor in need of emergency services for conditions which will endanger his health or life if delay would result by obtaining consent from his spouse, parent or legal guardian; provided, however, that the prescribing of any medicine or device for the prevention of pregnancy shall not be considered such an emergency service. "If any minor falsely represents that he may give consent and a health professional provides health services in good faith based upon that misrepresentation, the minor shall receive full services without the consent of the minor's parent or legal guardian and the health professional shall incur no liability except for negligence or intentional harm. Consent of the minor shall not be subject to later disaffirmance or revocation because of his minority. "B. The health professional shall be required to make a reasonable attempt to inform the spouse, parent or legal guardian of the minor of any treatment needed or provided under paragraph 7 of subsection A of this section. In all other instances the health professional may, but shall not be required to inform the spouse, parent or legal guardian of the minor of any treatment needed or provided. The judgment of the, health professional as to notification shall be final, and his disclosure shall not constitute libel, slander, the breach of the right of privacy, the breach of the rule of privileged communication or result in any other breach that would incur liability. "Information about the minor obtained through care by a health professional under the provisions of this act shall not be disseminated to any health professional, school, law enforcement agency or official, court authority, government agency or official employer, without the consent of the minor, except through specific legal requirements or if the giving of the information is necessary to the health of the minor and public. Statistical reporting may be done when the minor's identity is kept confidential. "The health professional shall not incur criminal liability for action under the provisions of this act except for negligence or intentional harm." The foregoing provisions of the Oklahoma Statutes clearly do not contain the sweeping or blanket prohibition found in the Utah regulations passed on in the Jones case, and, therefore, do not on their face fall into the same category as the Utah regulations. Further, under the well-settled rule in Oklahoma, a legislative enactment must be presumed to be valid, and can only be nullified upon a showing that it is clearly invalid. In re Napier, 532 P.2d 423 (Okl. 1975); Taff v. State, 425 P.2d 970 (Okl. 1966); Application of Oklahoma Turnpike Authority, 416 P.2d 860 (Okl. 1966); Allen v. Burkhart, 377 P.2d 821 (Okl. 1962); Application of Oklahoma Turnpike Authority, 365 P.2d 345 (Okl. 1961); Schmitt v. Hunt, 359 P.2d 198 (Okl. 1961); Swanda v. Swanda, 207 Okl. 186, 248 P.2d 575 (1952); Application of State of Oklahoma Building Bonds Commission, 202 Okl. 454,214 P.2d 934 (1950); Application of Richardson,199 Okl. 406, 184 P.2d 642 (1947); Newman v. Ardmore Rod and Gun Club, 190 Okl. 470, 125 P.2d 191 (1942); Lowden v. Washita County Excise Board, 188 Okl. 698, 113 P.2d 370 (1941); Pawnee County Excise Board v. Kurn, 187 Okl. 110, 101 P.2d 614
(1940); Bennett v. State, 147 Okl. 14, 294 P. 149
(1930); State v. Johnson, 90 Okl. 21, 215 P. 945 (1923); Dickinson v. Perry, 75 Okl. 25, 181 P. 504 (1919); and Rakowski v. Wagoner, 24 Okl. 282, 103 P. 632 (1909). We, therefore, must conclude that the provisions of 63 O.S. 2601 [63-2601] and 63 O.S. 2602 [63-2602] (1975), as amended by Chapter 161, O.S.L. 1976, are on their face valid. Any questions as to whether the application of 63 O.S. 2601 [63-2601] and 63 O.S. 2602 [63-2602] (1976) to any given situation may or may not conflict with the provisions of the Federal Social Security Act should properly be directed to the Social Security Administration by the particular agency, association or organization involved. It is, therefore, the opinion of the Attorney General that your question be answered as follows. The provisions of 63 O.S. 2601 [63-2601] and 63 O.S. 2602 [63-2602] (1976) are valid on their face, and any questions as to whether the application of such provisions to any given situation may or may not conflict with the Federal Social Security Act should properly be directed to the Social Security Administration for determination. (GERALD E. WEIS) (ksg)