## HALLIBURTON et al. v. WILLIAMS, Judge.

No. 24499.  Nov. 28, 1933.

Philip Kates, for plaintiffs.

Randolph, Haver, Shirk & Bridges, for defendants.

BUSBY, J. This is an original action instituted in this court by Eulalie V. and Mary Martha Halliburton, minors, by the Exchange Trust Company as guardian. The plaintiffs seek a writ of prohibition to prevent the defendant, Bradford Williams, judge of the court of common pleas of Tulsa county, Okla., from entering an order vacating a judgment of that court rendered on the 16th day of January, 1933.

The record discloses that on the 14th day of October, 1931, one Orlando Halliburton met his death as a result of injuries suffered in a fall from the 7th floor of the Mincks Hotel in the city of Tulsa, Okla. At the time of his death he was the insured in a policy of insurance issued by the Illinois Life Insurance Company, in which policy the plaintiffs in this action were beneficiaries. This policy of insurance provided for the payment of $2,000 in the event of death from any cause and the payment of an additional $2,000 in the event death should result from bodily injuries caused by "external, violent and accidental means." The insurance company paid the $2,000 which they agreed to pay by virtue of the policy in the event of death from any cause, but disputed liability under the accidental feature of the policy.

Plaintiffs in this action commenced an action in the court of common pleas of Tulsa county, as plaintiffs therein, against the Illinois Life Insurance Company, as defendant, on the 4th day of October, 1932,

seeking to recover the $2,000 provided for in the accidental clause of the policy. The defendants in that action filed a motion to make more definite and certain, which was overruled in part and sustained in part. In the order sustaining the motion in part the court granted leave to file an amended petition within 10 days. There is a dispute in this case as to when the order was made, there being some confusion in the record as to whether it was made on the 19th day of November or on the 26th day of November. The amended petition in that action was filed on the 2nd day of December, which was within the time allowed by the court for the filing thereof if the order granting 10 days time was made on November 26th. If, however, the order referred to was made on the 19th day of November, the filing of the amended petition was out of time.

Thereafter, and on the 15th day of December, 1932, the attorneys for the Illinois Life Insurance Company filed in the action referred to a motion to abate upon the theory that a receiver for the Illinois Life Insurance Company had been appointed by the United States District Court for the Northern District of Illinois. This motion to abate was denied on the 17th day of December, and in the order denying the motion the defendant was granted five days from the date thereof to plead. No pleading was filed, and thereafter, on the 4th day of January, 1933, the cause was set for trial. On the trial date, January 16, 1933, the plaintiffs appeared and the cause was called for trial. The defendant failed to appear. Evidence was introduced and a judgment rendered in favor of the plaintiffs in the sum of $2,000, with accrued interest. An execution was issued on this judgment directed to the sheriff of Tulsa county, who levied upon certain real estate belonging to the Illinois Life Insurance Company. Before any sale of this property could be made under the execution, the district court of Tulsa county appointed receivers to take charge of the property of the Illinois Life Insurance Company within the state of Oklahoma. On the 28th day of February, 1933, the district court of Tulsa county directed the receivers appointed by it to file and prosecute in the court of common pleas a motion to recall the execution above referred to and to vacate the judgment therein rendered. Pursuant to this direction of the district court, the receivers, on the 28th day of February, 1933, filed such a motion in the court of common pleas. In response thereto the plaintiffs, on the 4th day of March,

1933, filed a motion to strike the motion filed by the receivers. Both of these motions were filed within the term at which the judgment was rendered. Thereafter, and on the 6th day of March, 1933, after the term had expired, the matter came on for hearing on both of these motions. Testimony was introduced in support of the motions. After the testimony had been heard, the court announced its intention to sustain the motion of the receivers to vacate the judgment and to recall the execution. But before it had made its order and formal ruling thereon, the plaintiffs in that action commenced this action in this court for the purpose of preventing the respondent herein as judge of the court of common pleas from entering such an order. From the pleadings and briefs herein, it appears that there is no intention on the part of the defendant to recall the execution except as an incident to the contemplated order vacating the judgment.

It is the theory and contention of the plaintiffs herein that the entry of such an order by the judge of the common pleas court of Tulsa county would constitute an abuse of discretion and would amount to an unauthorized application of judicial force; that they have no other remedy by appeal or otherwise, and are therefore entitled to invoke the jurisdiction of this court to prohibit the alleged unauthorized action or contemplated action of the trial court.

The first question in this case is one involving the jurisdiction of this court and the propriety of controlling the action of the court of common pleas through a proceeding for writ of prohibition. The respondent herein contends that the plaintiffs have an adequate remedy by way of appeal and are therefore precluded from maintaining this action in this court. It is the general rule of law that prohibition, being an extraordinary legal remedy, is not available when the aggrieved or complaining party has an adequate and usual remedy at law by way of appeal or otherwise. Cheyne et al. v. County Court of Craig County, 69 Okla. 167, 171 P. 19; Board of Com'rs of Carter County v. Worten, District Judge, et al., 128 Okla. 104, 261 P. 553; 22 R. C. L. 9.

The contention of the respective parties thus resolves itself into two questions of law: First, is the contemplated order of the court of common pleas an appealable order, if made? Second, if it is an appealable order, is the remedy by appeal adequate? In support of their contention that

no appeal will lie from such an order, the plaintiffs call our attention to a number of the earlier decisions of this court in which it was held that an order vacating a judgment was not an appealable order. The defendant, however, says that all of these cases were overruled by the case of Pennsylvania Company v. Potter et al., 108 Okla. 49, 233 P. 700, in which this court held, in substance: That an order vacating a previous judgment of the court had the effect of granting a new trial in the matter and was therefore appealable order by reason of the provisions of section 528, O. S. 1931. This case and the reasoning therein has been followed in the subsequent decisions of this court: Lamme et al. v. Skelton et al., 106 Okla. 215, 233 P. 705.

It is suggested, however, that the rules announced are not applicable to the case at bar and that this case should be distinguished from that case; that in the Pennsylvania Company Case, supra, the order vacating the previous judgment was made in connection with a proceeding instituted after the term pursuant to the provisions of sections 556 to 563, O. S. 1931, whereas in the case at bar the proceeding to vacate the judgment was instituted within the term at which the judgment was rendered, and does not depend upon the statutory provisions above referred to, but rather invokes the inherent power of the court to control its own judgments, during the term at which the same were entered. That, since this power was invoked by motion filed within the term, it continued after the term.

We agree that this case is distinguishable in fact for the reasons indicated; however, it is not distinguishable in principle. Regardless of whether the proceeding is one filed within the term invoking the inherent power of the court to control its own judgment during the term at which it was rendered, or is filed after term pursuant to the statutory provisions authorizing proceedings after term, the effect of an order vacating the judgment is the same. In either event an order vacating a judgment reopens the case for a new trial upon the issues. In the case of Pennsylvania Company v. Potter, supra, the fact that the order had the effect of granting a new trial was the controlling and determining factor. The contemplated order in this case, if made, would likewise have the effect of reinstating the cause for a new trial on the issues. We, therefore, hold that the contemplated order of the court of common pleas of Tulsa county is an appealable order. But this fact alone does not entirely dispose of the contention. It is necessary that the remedy by appeal be adequate, and if the same is inadequate, although available, it is proper to assume jurisdiction by prohibition. The adequacy of a remedy by appeal depends to a large extent on the facts and circumstances in each case viewed in the light of the previous decisions determining what factors are or are not sufficient to render a remedy by appeal inadequate.

For the purpose of determining whether the remedy by appeal from the contemplated order is adequate, let us view this case in a light most favorable to the plaintiffs. We must assume that the trial court in making the contemplated order would perform its duty and make proper and adequate provision to enable the plaintiffs to supersede such order and preserve plaintiffs' lien (if any they have) until the cause is finally determined on appeal. Assuming, without deciding, that plaintiffs have obtained a lien against certain property of the Illinois Life Insurance Company by virtue of the proceedings in the court of common pleas, the only effect of requiring the plaintiffs to proceed by appeal is the necessary expense and delay incidental to that remedy. This court has held that these factors are entirely insufficient to justify this court in taking jurisdiction by prohibition when a remedy by appeal exists. In the case of Pioneer Telephone & Telegraph Co. v. City of Bartlesville, 27 Okla. 214, 111 P. 207, this court said:

"There is no general rule by which the adequacy or inadequacy of a remedy can be ascertained, but the question is one to be determined upon the facts of each particular case. The writ will not be issued on account of the inconvenience, expense, or delay of other remedies, but will be granted where the remedy available is insufficient to prevent immediate injury or hardship to the party complaining, particularly in criminal cases."

This rule and the principles therein involved have been followed throughout the subsequent decisions of this court, among which may be mentioned the case of State ex rel. Mose v. District Court of Marshall County, 46 Okla. 654, 149 P. 240. It therefore follows that in this case the writ of prohibition should be denied.

It should be observed that the jurisdiction of this court to entertain prohibition is not invoked upon the theory that there exists between two inferior courts of the

state an intolerable conflict of jurisdiction. It is apparently the intention of the district court of Tulsa county, which appointed the receivers, to recognize the jurisdiction of the court of common pleas to continue to exercise jurisdiction in connection with the judgment therein rendered and the proceedings incident thereto. This is apparent from the order of that court directing the receivers to proceed in the court of common pleas. Without undertaking to prejudge any particular question that may subsequently arise in connection with an appeal in this case, we deem it proper to observe that it is suggested in the response and in the briefs of the defendant that the fact that the judgment obtained in the court of common pleas may constitute a preference in favor of the judgment creditor, if permitted to stand, constitutes a persuasive reason for vacating the same. No authorities appear in the brief in support of this view, and it seems extremely doubtful that a creditor who has pursued his remedy with diligence should be deprived of any advantage thereby gained, provided the judgment was properly obtained in a legal manner and without unfair advantage.

In the proceedings had before the court of common pleas in connection with the motion to vacate, no evidence whatever had been introduced tending to establish the existence of a valid defense to the petition upon which the judgment was based. While such a showing may not be indispensable in vacating judgments during term; it is at least a factor entitled to grave consideration. It is extremely doubtful whether, under the present record, an order of the trial court vacating the judgment in question could be sustained. We do not wish the language we have used in this concluding paragraph to be construed in any manner as a decision upon the merits. The suggestions are made in order that if an appeal is later taken, successive appeals may be avoided.

The application for writ of prohibition will be denied, and the alternative writ is dissolved.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and WELCH, JJ., concur. BAYLESS, J., absent.