[No. 44428. En Banc. July 7, 1977.]

ALBERT E. BOE, *Petitioner, v.* SLADE GORTON,
*as Attorney General, Respondent.*

*James J. Caplinger* and *Carroll, Rindal, Caplinger & Kennedy,* for petitioner.

*Slade Gorton, Attorney General,* and *Philip H. Austin, Deputy,* for respondent.

BRACHTENBACH, J.—Petitioner, an individual taxpayer, seeks a writ of mandamus to compel the Attorney General to recover funds disbursed pursuant to Laws of 1971, 1st Ex. Sess., ch. 56. The writ is denied.

In *Weiss v. O'Brien,* consolidated with *Weiss v. Bruno,* 82 Wn.2d 199, 509 P.2d 973 (1973), we held Laws of 1971, 1st Ex. Sess., ch. 56 to be unconstitutional. The statute provided for a tuition supplement to students attending private institutions of higher education in this state. Prior to the statute being held unconstitutional, and in fact before commencement of the suit challenging the act, the State had disbursed $845,455 to 8,514 students at 10 colleges and universities under the plan.

In the present action, petitioner seeks to compel the Attorney General to institute legal actions to recover funds disbursed under the statute before the *Weiss* decision. Specifically he asks that we direct the Attorney General to sue the 10 recipient colleges and universities. The main thrust of petitioner's argument is that the Attorney General is under a mandatory, nondiscretionary duty to seek recovery of state funds applied in violation of the state constitution.

█ We start with the general rule concerning mandamus.

> Mandamus will not lie to compel the performance of acts or *duties* which call for the exercise of discretion on the part of public officers. *Stoor v. Seattle,* 44 Wn.(2d) 405, 410, 267 P.(2d) 902 (1954), and cases cited. Where courts do interfere, it is upon the theory that the action

is so arbitrary and capricious as to evidence a total failure to exercise discretion, and therefore the act of the officer is invalid. *Stoor v. Seattle, supra.*

Arbitrary and capricious action of administrative bodies means willful and unreasoning action, without consideration and in disregard of facts or circumstances. *Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached. In re Buffelen Lbr. & Mfg. Co.,* 32 Wn.(2d) 205, 208, 201 P.(2d) 194 (1948), and case cited.

(Italics ours.) *Lillions v. Gibbs,* 47 Wn.2d 629, 633, 289 P.2d 203 (1955). Thus, the first issue is whether the Attorney General is subject to a mandatory and purely ministerial duty to seek recovery of the funds, or whether instead he is vested with discretion in regard to the matter.

■ Petitioner argues that RCW 43.10.030(2) and (8)[1] impose upon the Attorney General an absolute duty to recover the funds. But in *Berge v. Gorton,* 88 Wn.2d 756, 567 P.2d 187 (1977), we held that RCW 43.10.030(2) only imposes upon the Attorney General a duty to exercise discretion.

RCW 43.10.030(8) is of no additional help to petitioner. There is nothing in this subsection which suggests that the "duty" imposed upon the Attorney General is any different from that imposed on him by subsection (2), that is, to exercise his discretion.

The only case cited by petitioner to support his argument that RCW 43.10.030 imposes a nondiscretionary duty on the Attorney General is *State ex rel. O'Connell v. Yelle,* 51

---

[1] "The attorney general shall:

"...

"(2) Institute and prosecute all actions and proceedings for, or for the use of the state, which may be necessary in the execution of the duties of any state officer;

"...

"(8) Enforce the proper application of funds appropriated for the public institutions of the state, and prosecute corporations for failure or refusal to make the reports required by law;" RCW 43.10.030(2) and (8).

Wn.2d 620, 320 P.2d 1086 (1958). This case is not supportive of petitioner's argument. There the court was not directly concerned with the Attorney General's duty to bring the suit and did not discuss RCW 43.10.030. The court simply indicated that the Attorney General had the *power* to bring the suit that was there before the court.

We hold that RCW 43.10.030(2) and (8) only impose upon the Attorney General the "duty" to exercise discretion.

Therefore, under *Lillions v. Gibbs, supra,* the court should not issue the writ of mandamus unless the Attorney General's decision not to institute actions to recover the funds was arbitrary and capricious. On this question, we note that petitioner did not even allege nor do we find that the Attorney General's decision was arbitrary and capricious.

The Attorney General argues that no challenge had been made before the funds were paid out. He points out that he was faced with several alternatives: first, to sue the 8,514 students for $100 each; second, to sue the colleges and universities; or, third, to sue the disbursing official, the State Treasurer. The Attorney General urges the impracticability of the first choice and the potential legal obstacles involved in the second and third alternatives. In view of these uncertainties, he decided to not expend the effort and expense of a recovery suit. In the language of *Lillions v. Gibbs, supra,* there was room for two opinions and we should not substitute our judgment for that of the Attorney General.

The final issue is petitioner's request for attorney fees.

This is an original mandamus action filed in this court on August 31, 1976. Therefore the Rules of Appellate Procedure, effective July 31, 1976, are applicable. Rule 16.2(g) provides that in such actions, costs are determined and awarded as provided in Title 14 of the rules. Under rule 14.2, the party must substantially prevail to be awarded costs. Obviously, the petitioner does not prevail in the instant proceeding.

Specifically, petitioner requests "reasonable attorney fees." Even if he had prevailed, he would generally be entitled only to statutory attorney fees. RAP 14.3(a). However, petitioner argues that under the "common fund" theory of *Weiss v. Bruno,* 83 Wn.2d 911, 523 P.2d 915 (1974), he is entitled to reasonable attorney fees if he prevails. Even if the common fund theory is otherwise applicable, petitioner does not meet the first requirement, that he be successful in the proceeding.

The writ is denied.

STAFFORD, UTTER, HOROWITZ, and DOLLIVER, JJ., concur.

HAMILTON, J. (dissenting)—I dissent, essentially for the reasons stated in subdivision II of my dissent in *Berge v. Gorton,* 88 Wn.2d 756, 567 P.2d 187 (1977).

WRIGHT, C.J., and ROSELLINI, J., concur with HAMILTON, J.