Daniel D. DRAPER, Jr., Gene C. Howard, Don Davis and William J. Wiseman, Jr., Petitioners,

v.

STATE of Oklahoma and Jan Eric Cartwright, As Attorney General Thereof, Respondent,

William F. Poulos, Charles R. Ford, Bill Lancaster, George Camp, Charles Cleveland, Helen Arnold, Gene D. Combs, James D. Holt, Frank Shurden, T. W. Bill Holaday and Frank Davis, Amicus Curiae.

No. 55144.

Supreme Court of Oklahoma.

July 22, 1980.

As Corrected On Rehearing Dec. 23, 1980.

Womack, Draper, Deatherage & Patten by Cleta Deatherage, Norman, for petitioners.

Jan Eric Cartwright, Atty. Gen., John F. Percival, Asst. Atty. Gen., Oklahoma City, for respondent.

William D. Graves, Oklahoma City, for amicus curiae.

HODGES, Justice.

The petitioners, Daniel D. Draper, Jr., Gene C. Howard, Don Davis, and William J. Wiseman, Jr., members of the Oklahoma Legislature, filed an application to assume original jurisdiction, a motion to stay, and petitions for a writ of mandamus and prohibition. The petitioners request that the effectiveness of the Attorney General's Opinions, Nos. 79–311 and 79–313B be stayed; and that the Attorney General be prohibited from the issuance of similar rulings or, in the alternative, an order be issued by this Court which would require the Attorney General to withdraw the opinions.

After the adjournment of the first session of the Thirty-Seventh Legislature, two legislators posed questions concerning the constitutionality of the appropriations bill, HB 1140.[1] This bill contains appropriations to the State Board of Education for the funding of common schools. The Attorney General issued virtually identical Opinions Nos. 79–311 and 79–313B on April 15, 1980. Based on his interpretation of the Oklahoma Constitution art. 5, §§ 56, 57,[2] the Attor-

---

1. Senator Herschal Crow inquired of the Attorney General:

 "Whether any portion of this year's bill to fund common schools, HB 1140, is unconstitutional by reason of the fact that it may be general legislation rather than specifically appropriative language?"

 Representative William F. Poulos asked:

 "Is HB 1140, appropriating funds to the State Board of Education, a constitutional appropriations bill?"

2. The Okla.Const. art. 5, § 56 provides:

 "The general appropriation bill shall embrace nothing but appropriations for the expenses of the executive, legislative, and judicial departments of the State, and for interest on the public debt. The salary of no officer or employee of the State, or any subdivision thereof, shall be increased in such bill, nor shall any appropriation be made therein for any such officer or employee, unless his em-

 ployment and the amount of his salary, shall have been already provided for by law. All other appropriations shall be made by separate bills, each embracing but one subject."

 Art. 5, § 57 of the Okla.Const. states:

 "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length; Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

ney General determined that the appropriations bill commingled general appropriations with special appropriations in a hybrid bill which he found to be unconstitutional.[3]

A hearing was held on the motion to stay on April 30, 1980. Following the hearing, the Court issued an order assuming original jurisdiction and entered the motion to stay the effectiveness of the Attorney General's Opinions Nos. 79–311 and 79–313B.

## I

■ The Attorney General contends this Court does not have original jurisdiction because it does not have general superintending control over the Office of Attorney General. The Attorney General argues that because the Okla.Const. art. 7, § 4 limits general superintending control of the Supreme Court to inferior courts, and all agencies, commissions, and Boards created by law, the exercise of jurisdiction over the Office of Attorney General would be violative of the doctrine of separation of powers pursuant to the Okla.Const. art. 4, § 1. According to the Attorney General, the petitioners should have filed an action for declaratory judgment in the district court.[4]

The petitioners counter with the arguments that: 1) The Attorney General exercised quasi-judicial powers which are subject to control by the Court; 2) The matter is of intense concern to the citizenry of this state; and 3) Because of the expediency required and the nature of the matter, jurisdiction should be assumed.

In *Oklahoma Ass'n of Mun. Attys. v. State*, 577 P.2d 1310, 1312 (Okl.1978)[5] this Court considered whether it should assume original jurisdiction in a similar situation involving an attorney general's opinion. The Court determined that it should assume original jurisdiction because the issue was of broad public concern, and affected all public bodies and governing boards within the purview of the Open Meeting Laws. We find this is a matter of statewide concern and that original jurisdiction should be assumed under the doctrine of publici juris.

## II

It is clear from a reading of art. 5, § 56 that certain things may be contained in a general appropriations bill, and other things must not be included. The quintessential query is whether the Oklahoma Constitution mandates a general appropriations bill. If it does, the Attorney General's Opinions are correct. If it does not, the Legislature may continue in its present pragmatic approach to state financing.

■ The Constitution, the bulwark to which all statutes must yield, must be construed with reference to the fundamental principals which support it. Effect must be given to the intent of its framers and of the people adopting it. This intent is to be found in the instrument itself; and when the text of a constitutional provision is not ambiguous, the courts, in giving construc-

---

3. The Attorney General concluded:

 "1. By reason of the requirements of Art. 5, Sections 56 and 57, Okla.Const., appropriations for the expenses of the executive, legislative and judicial departments of government must be contained in a single general appropriations bill which may not contain any other appropriations or general legislation.

 "2. All other appropriations of general laws except those lawfully encompassed within the general appropriations bill must be by separate bill embracing but one subject.

 "3. HB 1140 (First Regular Session of the Thirty-Seventh Legislature), Laws 1979, c. 282, codified in part as 74 O.S.Supp.1979, Section 285(46) is unconstitutional as said bill appropriates money in a separate bill for the expenses of an agency of the executive

department which can only be provided for in the general appropriations bill specified in Art. 5, Section 56, Okla.Const.

 "4. Funds expended or incumbered for expenditure pursuant to appropriations made in HB 1140 are not invalidated by reason of the unconstitutionality of said bill as public officers may rely on the presumed constitutionality of a law until such law is judicially declared unconstitutional or until advisee by proper officer of the unconstitutionality of the law."

4. The Okla.Const. art. 7 § 7 grants unlimited jurisdiction of all justiciable matters to the district court.

5. See also *State v. Daxon*, 51 OBJ 544, 607 P.2d 683 (Okl.1980).

tion thereto, are not at liberty to search for its meaning beyond the instrument.[6] Since H.B. 1140 makes an appropriation for the expense of an agency of the executive department in a separate bill and not in a single general appropriation bill, there is a presumption that the appropriation is constitutional and that the Constitution does not mandate a general appropriation bill for the expenses of the executive, legislative and judicial departments of government.[7]

The Attorney General suggests that separate appropriation bills for the expenses of different departments of government are of recent development and that prior thereto, such appropriations were contained in a single appropriation bill.

■ The rule that where the Constitution confers the power to do a particular act and prescribes the means and manner of doing such act, such is exclusive of all others,[8] and the fact that in construing constitutional provisions, great weight must be given to legislative interpretation,[9] do not necessarily mean that the legislature, by enacting a single appropriations bill for the expenses of the several departments of government in prior years, must continue enacting a single appropriations bill. This is so because we do not look to the Constitution to determine whether the Legislature is authorized to do an act but rather to see whether it is prohibited. If there is any doubt as to the Legislature's power to act in any given situation, the doubt should be resolved in favor of the validity of the action taken by the Legislature. Restrictions and limitations upon legislative power are to be construed strictly, and are not to be extended to include matters not covered or implied by the language used.[10]

■ Under our holding in *Tate*, if the Legislature enacted separate appropriation bills for the expenses of the several departments for one fiscal year, and enacted a single appropriation bill for the expense of all departments for the next fiscal year, we would not look to the Constitution to determine whether the two types of appropriations are authorized, but to determine whether the Legislature is prohibited by the Constitution from making the two types of appropriations, or either of them.

■ We find no express limitations in our constitution upon the power of the Legislature to enact laws similar to HB 1140. Nor do we find that the passage of such appropriation bills is prohibited by the Constitution. The Constitution mandates certain requirements if there is a general appropriations bill, it does not dictate that there be one.

### III

■ Although a writ of mandamus will lie to compel the Attorney General to perform a plain ministerial duty, it is inappropriate when the Attorney General has performed his duty. The statute, 74 O.S. Supp.1979 § 18b(q),[11] imposes the requirement that the Attorney General answer any question on any subject posed by any member of the Legislature. The Attorney General answered the questions. Mandamus will lie to compel the Attorney General to exercise his discretion, but it does not lie to control his action regarding matters within his discretion, unless his discretion has been clearly abused. A difference of opinion is not an abuse of discretion. Where there is room for two opinions, the action is not arbitrary or capricious when it is exercised honestly upon due consideration even

---

6. *Latting v. Cordell*, 197 Okl. 369, 172 P.2d 397 (1946).

7. *Swanda v. Swanda*, 207 Okl. 186, 248 P.2d 575 (1952).

8. *McCurtain County Excise Board v. St. Louis-San Francisco Ry. Co.*, 340 P.2d 213 (Okl.1959).

9. *Texas Co. v. State ex rel. Coryell*, 198 Okl. 565, 180 P.2d 631 (1949).

10. *Tate v. Logan*, 362 P.2d 670 (Okl.1961).

11. It is provided by 74 O.S.Supp.1979 § 18b(q):
"To respond to any request for an opinion of his office, submitted by a member of the Legislature, regardless of subject matter, by written opinion determinative of the law regarding such subject matter."

though it may be believed that an erroneous conclusion has been reached.[12] Before a writ of mandamus may be issued there must be: 1) a clear legal right vested in the petitioner, 2) refusal to perform a plain legal duty which does not involve the exercise of discretion, and 3) adequacy of the writ and inadequacy of other relief.[13] Mandamus is an improper remedy.

## IV

 When a public officer exercises a judicial or quasi-judicial function, a writ of prohibition may be employed to control his actions. Prohibition is a preventive, rather than a corrective, remedy. It issues to prevent the threatened commission of a future act, not to undo a completed act nor to review or nullify an act which has already been performed. However, in public questions of great importance and interest, the Supreme Court may retain jurisdiction, and in a proper case grant prohibition.[14] Even though the Attorney General may have exercised quasi-judicial powers in the interpretation of the statutes, and it is appropriate to issue a writ of prohibition to control the performance of judicial and quasi-judicial activities, we choose not to issue a writ of prohibition but rather determine the opinions to be invalid and of no effect.[15]

Original Jurisdiction Assumed. Attorney General's Opinions Nos. 79–311 and 79–313B Held To Be Invalid And of No Effect. Writ of Mandamus and Writ of Prohibition Denied.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS and BARNES, JJ., concur.

DOOLIN and OPALA, JJ., concur in part, dissent in part.

SIMMS, J., dissents.

12. *Boe v. Gorton*, 88 Wash.2d 773, 567 P.2d 197, 199 (1977).

13. *Witt v. Wentz*, 142 Okl. 128, 286 P. 796, 797 (1930).

DOOLIN, Justice, concurring in part; dissenting in part:

I concur with the conclusion of the majority when it holds a general appropriation bill is not the sole means of appropriating monies by the Oklahoma Legislature. I dissent to the majority's opinion and act in assumed jurisdiction on the original application for prerogative writ.

I am authorized to state that SIMMS, J. concurs in this opinion.

## SUPPLEMENTAL OPINION ON REHEARING

IRWIN, Vice Chief Justice:

On Rehearing the respondent challenges our finding that the Oklahoma Constitution, Art. 5, § 56, does not mandate a general appropriations bill. We find no reason now to alter that view. However, our holding that Attorney General Opinion Nos. 79–311 and 79–313–B are invalid and of no effect is, of course, limited to the single issue actually presented to and determined by the court.

In addition to finding HB 1140 unconstitutional in light of Okla.Const. Art. 5, § 56, Attorney General Opinion No. 79–313–B also declared a specific section of HB 1140 unconstitutional for another reason. Section 8 of HB 1140 appropriated $240,000 from the General Revenue Fund to the State Board of Education to assist in defraying the cost of rebuilding school buildings destroyed by fire in six designated school districts. Attorney General Opinion No. 79–313–B declared the Section 8 appropriation unconstitutional as a special and local law prohibited by Okla.Const., Art. 5, § 46.

Neither party placed the correctness of this additional finding at issue in this case, but instead they agreed that the Attorney General's conclusion regarding Section 8

14. *Oliver v. Oklahoma Alcoholic Beverage Control Bd.*, 359 P.2d 183 (Okl.1961); *Halliburton v. Williams*, 166 Okl. 248, 27 P.2d 360 (Okl. 1933).

15. *Oklahoma Ass'n of Mun. Attys. v. State*, 577 P.2d 1310, 1312 (Okl.1978).

was not a subject in this action. Therefore, we express no view in this case on the correctness of the conclusion contained in Attorney General Opinion No. 79–313–B concerning Section 8 of HB 1140.

LAVENDER, C. J., and WILLIAMS, HODGES, HARGRAVE and BARNES, JJ., concur.

SIMMS, J., dissents.