**James MILLER and the League of Bottled Beverage Retailers, an Oklahoma non-profit corporation, Appellees,**

v.

**The OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION, and Ron Willis as Director thereof, and the Oklahoma Tax Commission, Appellants,**

**Tulsa Hotel Company, formerly known as Williams Plaza Hotel, Inc., and Tulsa Hotel Management Company, Inc., Appellants/Intervenors.**

No. 71675.

Court of Appeals of Oklahoma, Division No. 2.

Sept. 4, 1990.

Andrew C. Wilcoxen, Wilcoxen & Wilcoxen, Muskogee, for appellees.

Leslie Ann Collum and W. Kurt Morgan, Oklahoma City, for appellants, ABLE Com'n and Willis.

Robert Struble, Oklahoma City, for appellant, Tax Com'n.

James J. Proszek, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, for appellant/intervenor, Tulsa Hotel Co.

Jean Walpole Coulter, Jean Walpole Coulter & Associates, Inc., Tulsa, for appellant/intervenor, Tulsa Hotel Management Co.

## OPINION

MEANS, Judge.

This is an appeal from a declaratory judgment holding certain provisions of the Oklahoma Alcoholic Beverage Control Act (Act), 37 O.S.Supp.1987 §§ 501–599, to be in direct conflict with article 28, section 4 of the Oklahoma Constitution, and from the grant of a permanent injunction prohibiting the Oklahoma Alcoholic Beverage Laws Enforcement Commission (ABLE) from issuing "mini-bar" licenses and prohibiting the Oklahoma Tax Commission from collecting taxes and issuing tax stamps on mini-bars. Having reviewed the record and applicable law, we reverse.

On September 18, 1984, the people of the State of Oklahoma voted to amend the Oklahoma Constitution to authorize the retail sale of alcoholic beverages by the individual drink for on-premises consumption in any county in which the voters approved such sale. Okla. Const. art. 28, § 4. Thereafter, on March 14, 1985, the Oklahoma Legislature enacted amendments to the Act to implement the provisions of the constitutional amendment. 37 O.S.Supp. 1985 §§ 501–599 (amending 37 O.S.1981 §§ 501–574).

On June 29, 1987, the legislature again amended the Act to allow ABLE to issue

hotel beverage licenses to hotels or motels which also hold mixed beverage licenses. 37 O.S.Supp.1987 § 518(13). A hotel beverage license authorizes the licensee to serve or sell alcoholic beverages in 50 milliliter spirits, 187 milliliter wine and 12–ounce malt beverage containers which are distributed from mini-bars located in individual guest rooms. 37 O.S.Supp.1987 § 521(L). The mini-bar must be a locked, closed container which can only be opened by a key, magnetic card or other similar device. 37 O.S.Supp.1987 § 506(19).

James Miller, a retail package store owner in Muskogee, Oklahoma, and the League of Bottled Beverage Retailers (Retailers), a non-profit Oklahoma corporation, filed this action on September 25, 1987, seeking a declaration that 37 O.S.Supp.1987 §§ 506(11), (19), (27); 518(13); and 521(E), (L), (O), (R) and (T) (enacted by Senate Bill No. 37, 1987 Okla.Sess.Laws 782, approved June 29, 1987), are unconstitutional. They contended that the challenged statutes are unconstitutional because they permit "retail sales of alcoholic beverages in their original sealed packages by other than privately owned and operated package stores." Miller and Retailers also requested injunctive relief prohibiting ABLE from enforcing the provisions of S.B. No. 37 and prohibiting the Tax Commission from collecting any taxes or issuing any tax stamps as authorized by S.B. No. 37.

On August 11, 1988, the trial court found the challenged provisions of S.B. No. 37 to be in direct conflict with the Oklahoma Constitution and declared that those provisions were "unconstitutional, null and void and without force or effect." The trial court also permanently enjoined ABLE from issuing hotel mini-bar licenses and enjoined the Tax Commission from issuing tax stamps and collecting revenues thereon. It is from that order that ABLE and the Tax Commission appeal.

Tulsa Hotel Company and Tulsa Hotel Management Company, Inc., have intervened as parties appellant. They applied for, and were issued hotel beverage licenses, and installed mini-bars in various rooms on their licensed premises. On appeal, the intervenors, ABLE and the Tax Commission contend that (1) the Oklahoma Constitution does not reserve retail sales of sealed containers of alcoholic beverages to privately owned and operated package stores; and (2) the Oklahoma Constitution does not prohibit sales of alcoholic beverages in sealed, individual drink-sized containers from hotel mini-bars. Therefore, the trial court erred in granting the requested declaratory and injunctive relief. We are constrained to agree.

■ In ascertaining the constitutionality of the challenged statutes, we first note that a legislative act is presumed to be constitutional and will be upheld unless it is "clearly, palpably and plainly inconsistent with the Constitution." *Reherman v. Oklahoma Water Resources Bd.,* 679 P.2d 1296, 1300 (Okla.1984). And, whenever possible, statutes should be construed so as to uphold their constitutionality. *Earnest, Inc. v. LeGrand,* 621 P.2d 1148, 1152 (Okla. 1980). We do not look to the Constitution to determine whether the legislature is authorized to do an act, but rather to see *whether the act is prohibited. Draper v. State,* 621 P.2d 1142, 1146 (Okla.1980).

■ The 1984 constitutional amendment authorizing retail sales of alcoholic beverages by the individual drink provides:

> *Except as hereinafter provided,* retail sales of alcoholic beverages shall be limited to the original sealed package, by privately owned and operated package stores....
>
> *Retail sale of alcoholic beverages by the individual drink for on-premises consumption is hereby authorized within a county if the voters of such county have previously approved such retail sale at an election.*

Okla. Const. art. 28, § 4 (emphasis added). The amendment also expressly grants the legislature the power to enact laws providing for the regulation, licensing, taxation, sale and distribution of alcoholic beverages. Okla. Const. art. 28, § 3. The amendment does not, however, define the term "individual drink" or specify the manner in which "sale of alcoholic beverages by the individual drink for on-premises consumption" is

to be accomplished. Therefore, it became the function of the legislature to define that term and enact laws necessary to carry the provisions of the amendment into effect. Okla. Const. art. 5, § 45; and *see Shaw v. Grumbine*, 137 Okla. 95, 278 P. 311 (1929) (syllabus 4).

Miller and the Retailers assert that the Constitution limits the sale of original, sealed containers of alcoholic beverages, regardless of size, to package stores. However, in making this assertion they ignore the plain language of section 4.

Section 4 authorizes retail sale of alcoholic beverages by the individual drink. Under the provisions of the challenged statutory scheme, a hotel beverage licensee can only sell liquor from mini-bars in containers of a size which are appropriate for one individual drink. 37 O.S.Supp.1987 §§ 506(11), (19), (27); 521(L); 537(B)(5); and 537.1(6). Hotel beverage licenses are only issued to a hotel or motel which is also the holder of a mixed beverage license. A mixed beverage license authorizes the licensee to sell mixed beverages for on-premises consumption. 37 O.S.Supp.1987 § 521(H). The definition of "mixed beverages" is one or more servings of an alcoholic beverage in a sealed or unsealed container of any legal size for consumption on the premises where served or sold by the holder of a mixed beverage license. 37 O.S.Supp.1987 § 506(21). The licensed premises includes all rooms under the licensee's control used in furtherance of the business covered by the licensee. 37 O.S. Supp.1987 § 506(27). A hotel may serve alcoholic beverages anywhere on the licensed premises, including individual hotel rooms. 37 O.S.Supp.1987 § 537.1(6). The sale of sealed, individual drink-sized bottles is not repugnant to the provisions of section 4 regarding package stores.

We have examined the Constitution and find no restraints prohibiting the legislature from enacting the statutory scheme at issue and determining that the sale of individual drink-sized bottles from a hotel room mini-bar constitutes a "sale of alcoholic beverages by the individual drink for on-premises consumption." There is no provi-

sion within the Constitution that could reasonably be construed as prohibiting the use of hotel mini-bars.

 Where it is not shown beyond a reasonable doubt that the Oklahoma Constitution expressly prohibits the legislature's actions, those actions are presumed to be constitutional. *Reherman*, 679 P.2d at 1300; *Earnest, Inc.*, 621 P.2d at 1152; *Spearman v. Williams*, 415 P.2d 597, 600 (Okla.1966). Therefore, we conclude that the trial court erred in granting declaratory relief to Miller and the Retailers, in finding the challenged statutes unconstitutional, and in issuing a permanent injunction against ABLE and the Tax Commission.

REVERSED.

BRIGHTMIRE, C.J., and REIF, P.J., concur.