Dear Senator, Easley.
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Is the Legislature prohibited by the provisions of ArticleXXVIII, § 2 of the Oklahoma Constitution from conferring upon theAlcoholic Beverage Laws Enforcement Commission the additionalduty of regulating low-point beer?
 I. General Principles, Under Oklahoma's Constitution, Which Guide Consideration of Constitutional Limits on Legislative Power
¶ 1 Unlike the United States Constitution, which vests the Legislative Branch of Government with enumerated powers, under Oklahoma's Constitution "we do not look to the Constitution to determine whether the Legislature is authorized to do an act but rather to see whether it is prohibited." Draper v. State,621 P.2d 1142, 1146 (Okla. 1980).
¶ 2 Secondly, restrictions and limitations upon the Legislature's power are to be "construed strictly." Id. Third, if there is any doubt as to the Legislature's power to act in any given situation, the doubt is to be resolved in favor of the validity of the action taken by the Legislature. See id.
¶ 3 Fourth, "[i]t is only where an act of the Legislature is clearly, palpably, and plainly inconsistent with the terms and provisions of the Constitution that the courts will interfere and declare such act invalid and void." Adwon v. Oklahoma RetailGrocers Ass'n, 228 P.2d 376, 379 (Okla. 1951) (quoting PawneeCounty Excise Bd. v. Kurn, 101 P.2d 614, 617 (Okla. 1940)).
¶ 4 It is these constitutional principles which will guide our determination of whether Article XXVIII, Section 2 prohibits the Legislature from conferring upon the Alcoholic Beverage Laws Enforcement Commission (ABLE Commission) the additional duty of regulating low-point beer.
 II. Overview of Article XXVIII of the Oklahoma Constitution
¶ 5 Section 1 of Article XXVIII creates the Alcoholic Beverage Laws Enforcement Commission for the purpose of enforcing the alcoholic beverage laws of Oklahoma and establishes the mandatory duties of that Commission, requiring that the Commission "shall have such power and authority to enforce such laws, rules and regulations as shall be prescribed by the Legislature." Okla. Const. art. XXVIII, § 1 (1984).
¶ 6 At Section 2, Article XXVIII mandates that "[t]he terms and provisions of this Amendment,[1] and laws enacted by the Legislature pursuant hereto, shall not include nor apply to any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight[.]" Okla. Const. art. XXVIII, § 2 (1984) (emphasis added).
¶ 7 The Legislature in Section 3 of Article XXVIII is required to "enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverages," consistent with the provisions of the Article. Okla. Const. art. XXVIII, § 3 (1994).
¶ 8 Thereafter, in its following sections, Article XXVIII describes various constitutionally mandated restrictions on the sale, manufacture and distribution of alcoholic beverages. Section 4 regulates the sale of alcoholic beverages in original sealed packages (package sales), and authorizes retail sale of individual drinks for on-premises consumption (liquor by the drink) on a county-option basis. See Okla. Const. art. XXVIII, § 4 (1994). Section 5 prohibits sales of alcoholic beverages to "[a] person under twenty-one (21) years of age," any person who "has been adjudged insane or mentally deficient," or any person "who is intoxicated." Okla. Const. art. XXVIII, § 5 (1984). That Section further provides that sales, gifts or deliveries of alcoholic beverages to persons under twenty-one (21) years of age is a felony. See id.
¶ 9 Section 6(a) prohibits the package store sale of alcoholic beverages on Sunday, on designated holidays, and on National, State, County or City Election days — during the hours the polls are open. See Okla. Const. art. XXVIII, § 6(a) (1984). Section 6(b) however, authorizes the voters of any county that authorizes the sale of alcoholic beverages by the individual drink for on-premises consumption to permit the sale of alcoholic beverages on any of the prohibited days. See Okla. Const. art. XXVIII, § 6(b) (1984).
¶ 10 Section 7 provides for the taxation and licensing of the retail sale of alcoholic beverages. Okla. Const. art. XXVIII, § 7
(1984). Section 8 prohibits the State and its political subdivisions and other listed entities from being involved in any phase of the alcoholic beverage business, but allows exceptions "if the voters of a county in which a state lodge is located approve retail sale of alcoholic beverages by the individual drink for on-premises consumption, and if the State Legislature enacts legislation approving such sales in any such lodges located in any such counties." Okla. Const. art. XXVIII, § 8
(1984). Section 9 of Article XXVIII empowers incorporated cities and towns to levy an occupation tax on the manufacture, distribution, or sale of alcoholic beverages, and finally, Section 10 provides for restrictions on the issuance of retail package store and wholesale distribution licenses. See Okla. Const. art. XXVIII, §§ 9, 10 (1984).
 III. Article XXVIII, § 2 of the Oklahoma Constitution Does Not Prohibit the Legislature From Statutorily Imposing Upon the ABLE Commission the Additional Duty of Regulating the Sale, Manufacture and Distribution of Any Beer or Cereal Malt Beverage Containing Not More Than 3.2% of Alcohol by Weight — Beverages Which the Statutes Refer to as" Low-Point Beer."
¶ 11 The Section that you inquire about, Section 2 of Article XXVIII, provides that the Article and any laws enacted by the Legislature "pursuant hereto" are not to apply to beer or malt beverages containing no more than three and two-tenths percent (3.2%) of alcohol by weight:
 The terms and provisions of this Amendment, and laws enacted by the Legislature pursuant hereto,
shall not include nor apply to any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight; provided, however, nothing shall prohibit a person authorized to sell alcoholic beverages by the individual drink for on-premises consumption from also becoming qualified to sell any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight in the same location.
Okla. Const. art. XXVIII, § 2 (1984) (emphasis added).
¶ 12 The intent of Section 2's provision is to make it clear that none of the regulatory provisions of Article XXVIII are to apply to what are commonly referred to as 3.2% beverages. The statutes refer to these beverages as "low-point beer." See 37O.S. Supp. 1999, §§ 163.1[37-163.1] and 163.2(1). Thus, under Section 2 of Article XXVIII, the constitutional restriction on sales of alcoholic beverages to people under twenty-one, sale on prohibited days, taxation, limits on licensing and all other regulatory provisions of Article XXVIII do not apply to "low-point beer." Nor do any laws passed by the Legislature "pursuant hereto" pursuant to the provisions of Article XXVIII apply to low-point beer.
¶ 13 You specifically asked whether Article XXVIII, Section 2 limits the Legislature's power to confer upon the ABLE Commission the additional duty of enforcing the laws dealing with the sale, distribution and manufacture of low-point beer. In determining whether Section 2 prohibits the Legislature from empowering the ABLE Commission to regulate low-point beer, we are mindful of the constitutional principles discussed at the beginning of this Opinion. Under Oklahoma's constitutional scheme, limits on the Legislature's power are strictly construed in favor of the Legislature, and any doubt is construed in favor of the Legislature. Section 2 contains no express restriction on the Legislature's power to provide for the regulation of low-point beer. On the contrary, a major intent of Section 2 is to ensure that Article XXVIII does not restrict the Legislature's regulation of low-point beer, as the provision indicates that Article XXVIII's terms and provisions and any law passed by the Legislature — under the power of that Article — are not to apply to low-point beer.
¶ 14 Article V, Section 36 of the Oklahoma Constitution provides for the extent of legislative authority as follows:
 The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever.
Id. (emphasis added).
¶ 15 There is no restriction in the Constitution prohibiting the Legislature from enacting laws regarding the manufacture, sale and distribution of low-point beer. Thus, under State constitutional principles, the Legislature is empowered to enact such laws under the general legislative power conferred upon the Legislature in Section 36. Article XXVIII, Section 2, in providing that the terms of that Article or any laws enacted by the Legislature "pursuant thereto" [pursuant to Article XXVIII] shall not apply to low-point beer is not a restriction upon the Legislature's power to enact laws dealing with low-point beer, but rather was an indication that when the Legislature acts under Article XXVIII of the Constitution, its enactments could not apply to low-point beer. The provisions of Article V, Section 36, as interpreted by the Oklahoma Supreme Court, require that any "doubt should be resolved in favor of the validity of the action taken by the Legislature," and that "[r]estrictions and limitations upon Legislative power are to be construed strictly, and are not to be extended to include matters not covered or implied by the language used." Wiseman v. Boren,545 P.2d 753, 761 (Okla. 1976) (citation omitted).
¶ 16 The non-applicability of Article XXVIII's provisions and laws enacted by the Legislature under that Article to low-point beer cannot by implication be extended to legislation passed by the Legislature under its general powers. Accordingly, the Legislature may, in enacting legislation dealing with low-point beer, authorize and empower the ABLE Commission to enforce such laws.
¶ 17 Recently, in Attorney General Opinion 98-15, we concluded that 37 O.S. Supp. 1997, § 598[37-598] applied only to establishments which have been licensed by the Alcoholic Beverage Laws Enforcement Commission. In reaching that conclusion, we spoke too broadly in stating that Article XXVIII, Section 2 prohibits the Legislature from enacting laws which would empower the ABLE Commission to regulate the sale or distribution of low point beer. We withdraw that statement from Attorney General Opinion 98-15.
¶ 18 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under Article V, Section 36 of the Oklahoma Constitution,the authority of the Legislature extends to all "rightfulsubjects of legislation, and any specific grant of authority inthis Constitution, upon any subject whatsoever, shall not work arestriction, limitation, or exclusion of such authority upon thesame or any other subject or subjects whatsoever." Id.
 2. Under Oklahoma's Constitution, we do not look to theConstitution to determine whether the Legislature is authorizedto do an act, but rather we look to see whether the Constitutionprohibits the Legislature from doing an act.
 3. Further, under Oklahoma's Constitution, restrictions andlimitations upon the Legislature's power are to be strictlyconstrued in favor of the Legislature.
 4. The provisions of Section 2 of Article XXVIII of theOklahoma Constitution which provide that the terms and provisionsof Article XXVIII and laws enacted by the Legislature under thatArticle, shall not include nor apply to any beer or cereal maltbeverage containing not more than 3.2% of alcohol by weight —low-point beer — do not prohibit the Legislature from imposingupon the Alcoholic Beverage Laws Enforcement Commission theadditional duty of regulating the statutory laws dealing with thesale, manufacture and distribution of low-point beer.
 5. Statements in Attorney General Opinion 98-15 conflictingwith conclusion number 4 above are withdrawn.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] On September 18, 1984, the people adopted State Question 563, which repealed Article XXVII of the Oklahoma Constitution, and replaced it with Article XXVIII. The phrase "this Amendment" in Section 2 of Article XXVIII refers to all of Article XXVIII adopted in State Question 563.