Dear Representative Raymond,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
 Does the Oklahoma Legislature have the power to impose a requirement of a super-majority vote of the people of Oklahoma to pass the enactment of specific legislation or a specific amendment to the Constitution referred to a vote of the people by the Oklahoma Legislature?
¶ 1 The Oklahoma Constitution provides that both the Legislature, as well as the people independently of the Legislature, may propose laws and constitutional amendments for a vote of the people.
 The Legislative authority of the State shall be vested in a Legislature, consisting of a Senate and a House of Representatives; but the people reserve to themselves the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act of the Legislature.
Okla. Const. art. V, § 1.
¶ 2 The Oklahoma Constitution provides two methods by which proposed laws or constitutional amendments may be put to a vote of the people: by initiative petition (initiated by a percentage of voters) and by referendum (initiated by either a percentage of voters or by the Legislature).
 A. The first power reserved by the people is the initiative, and eight per centum of the legal voters shall have the right to propose any legislative measure, and fifteen per centum of the legal voters shall have the right to propose amendments to the Constitution by petition. . . .
 B. The second power is the referendum, and it may be ordered, except as to laws necessary for the immediate preservation of the public peace, health, or safety, either by petition signed by five per centum of the legal voters or by the Legislature as other bills are enacted.
Okla. Const. art. V, § 2.
¶ 3 The per cent of voters needed to propose an initiative petition or referendum is "based upon the total number of votes cast at the last general election for the State office receiving the highest number of votes at such election." Okla. Const. art. V, § 2(C).
¶ 4 To summarize the difference between initiative and referendum, "initiative" means the power of the people to propose laws and constitutional amendments, and to enact or reject them at the polls, independently of the Legislature, while "referendum" is the right of the people to have submitted for their approval or rejection an act passed by the Legislature.Wyatt v. Clark, 299 P.2d 799, 801 (Okla. 1956) (citing 82 C.J.S. Statutes § 115 (1999)).
¶ 5 You ask whether the Oklahoma Legislature may impose a requirement that a particular law or constitutional amendment be passed by a super-majority of voters. Article V, Section 3 of the Oklahoma Constitution states in pertinent part, "Any measure referred to the people by the initiative or referendum shall take effect and be in force when it shall have been approved by amajority of the votes cast thereon and not otherwise." (Emphasis added.) Further, Article XXIV, Section 1 provides that constitutional amendments proposed by the Legislature require only a majority vote. "If a majority of all the electors votingon any proposed amendment . . . shall vote in favor thereof, it shall thereby become a part of this Constitution." Id.
(emphasis added.)
¶ 6 The plain language of these provisions contemplates that any measure, either statute or constitutional amendment, proposed by either initiative or referendum can be passed by a simple majority vote of the people "and not otherwise."
 The Constitution, the bulwark to which all statutes must yield, must be construed with reference to the fundamental principals [sic] which support it. Effect must be given to the intent of its framers and of the people adopting it. This intent is to be found in the instrument itself; and when the text of a constitutional provision is not ambiguous, . . . [we] are not at liberty to search for its meaning beyond the instrument.
Draper v. State, 621 P.2d 1142, 1145-46 (Okla. 1980).
¶ 7 Since the text of the Constitution is clear and unambiguous about requiring a majority vote of the people for initiative and referendum measures, we look to whether the Legislature may, by virtue of its legislative authority, change that requirement for a specific proposed measure. The law is well settled that "we do not look to the Constitution to determine whether the Legislature is authorized to do an act but rather to see whether it is prohibited." Draper, 621 P.2d at 1146.
¶ 8 We recognize that the Constitution has given the Legislature authority to enact laws on "all rightful subjects of legislation"; however, the limits on that authority are also derived from the Constitution. Okla. Const. art. V, § 36. As the Oklahoma Supreme Court has said, "[T]he state Constitution is a limitation upon the power of the Legislature and not a grant of power, and . . . the authority of the Legislature extends to all rightful subjects of legislation not withdrawn by constitutionor in conflict therewith. The restriction on legislative power is strictly construed so that matters not covered by the Constitution will be within the power of the Legislature." Stateex rel. Edmondson v. Okla. Corp. Comm'n, 971 P.2d 868, 872
(Okla. 1998) (citation omitted). Therefore, the only limitations on the Legislature to legislate are those things specifically prohibited by, or in conflict with, the Constitution.
¶ 9 The question is whether the constitutional provisions governing initiative and referendum, which require a simple majority of voters to pass a proposed statute or constitutional amendment, effectively prohibit the Legislature from requiring a super-majority for such a measure. The Oklahoma Supreme Court has indicated that it does. "When the Constitution prescribes the manner of doing a thing, that is in effect a prohibition against the passage of a law prescribing a different manner of doing it."City of Sapulpa v. Land, 223 P. 640, 643 (Okla. 1924) (quoting State ex rel. Murphy v. Barnes, 3 So. 433, 434 (Fla. 1888)). "Where a power is expressly given by the Constitution and the means by which or the manner in which it is to be exercised is prescribed, such means or manner is exclusive of all others."Land, 223 P. at 643-44 (quoting Parks v. West,111 S.W. 726, 727 (Tex. 1908)). The court affirmed this rule in Draper,621 P.2d at 1146.
¶ 10 Therefore, the answer to your question is that the Oklahoma Constitution prohibits the Legislature from requiring a super-majority vote of the people to pass a statute or constitutional amendment by initiative or referendum.
 Therefore, in answer to your question whether the Oklahoma Legislature may impose a requirement of a super-majority vote of the people to pass the enactment of specific legislation or a specific amendment to the Constitution referred to a vote of the people by the Legislature, the official Opinion of the Attorney General is:
 No. Okla. Const. art. V, § 3; Okla. Const. art. XXIV, § 1.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DEBRA SCHWARTZ Assistant Attorney General