STATE ex rel. BOARD OF ED., CITY OF SAPULPA, v. STATE BOARD OF ED. et al.

No. 32668.    June 27, 1946.

170 P. 2d 540.

George L. Jennings, of Sapulpa, for petitioner.

Mac Q. Williamson, Atty. Gen., and J. H. Johnson, Asst. Atty. Gen., for respondents.

RILEY, J. Petitioner invokes the exercise of original jurisdiction vested in this court (sec. 2, art. 7, Constitution) for the issuance of a writ of mandamus to respondents, State Board of Education, to require the board to make payment of the amount of original allocation made to petitioner out of an appropriation for state aid to provide a minimum program for the curriculum of public schools in the city of Sapulpa. 70 O.S.A. 1945 Supp. § 651.2.

Petitioner alleges that for the fiscal year ending June 30, 1946, the sum of $94,949 of the sum appropriated for state aid by the board was allocated to petitioner and lawfully considered by it in its estimate of needs made and approved and against which contract debts were incurred; that $76,165 of the sum so allocated has been paid, but that respondent, on April 23, 1946, notified the petitioner that the board's apportionment to petitioner would be reduced in the amount of $7,961. The board has failed and will refuse to pay that amount of the apportionment to petitioner.

Petitioner says, and it was not denied in hearings before this court on June 25, 1946, that the reduction in the apportionment as aforesaid said is sought

to be made by the respondent board because cash money has been received by petitioner from sources other than petitioner's usual income devoted to its minimum program of free public school education.

This court is primarily a court of appeal. It is only in matters of state-wide concern and of public interest, or where rights would otherwise be lost, that this court will exercise original jurisdiction as by the Constitution provided.

The Attorney General, because of public duties heavily devolved upon his office, has been unable to brief the issue, though the Assistant of the Attorney General has ably presented the matter to the court in oral argument.

The court finds, within the exercise of its discretion, that the public service would be best subserved by withholding the issuance of any character of extraordinary writ at this time.

Therefore, the issuance of the writ is denied, without prejudice to petitioner's right to present the case to the proper trial court, and without prejudice to the rights of either party, from the decision of such court, to present subsequently their cause to this court by appeal.

HURST, V.C.J., and OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur. WELCH, J., dissents.