Carolyn DeLAFLEUR, President, Owasso Education Association; and the Owasso Education Association, an unincorporated association, Petitioners,

v.

INDEPENDENT SCHOOL DISTRICT NO. 11 OF TULSA COUNTY, Oklahoma: Bob Holt, Gerald Kaase, Aubrey Thomas, Jake Stigall, and Claude Marshall, in their official capacities as members of the Board of Education of Independent School District No. 11, Tulsa County, Oklahoma, Respondents.

No. 66063.

Supreme Court of Oklahoma.

June 24, 1986.

As Corrected on Denial of Rehearing Oct. 16, 1986.

Karen L. Long, Oklahoma Educ. Ass'n, Oklahoma City, for petitioners.

Rosenstein, Fist & Ringold, J. Douglas Mann, Jerry A. Richardson, Tulsa, for respondents.

DOOLIN, Vice Chief Justice.

Petitioner, Owasso Education Association (OWEA) seeks mandamus to require Respondent, the Board of Education of Independent School District No. 11 (Board) to either recognize OWEA as the bargaining unit for Owasso teachers based on the results of certain "authorization cards", or alternatively, to call an election to determine majority support for OWEA.

The facts are these: OWEA distributed authorization cards to the teachers in the Owasso school system. Signed cards were collected by OWEA and an accounting firm, after comparing the signed cards to a roster of teachers, certified that a majority had designated OWEA as the bargaining agent. OWEA then presented these facts to the Board, but the Board refused recognition.

Although several, ancillary issues were raised, the Board based its refusal on *Maule v. Independent School District No. 9*, 57 OBJ 22 (Okl.1985), rehearing denied 2–12–86, 714 P.2d 198 (Okl.1986) saying we had ruled that a secret ballot election was the only, acceptable method by which teachers could designate a bargaining agent. When OWEA then requested the Board call an election, the Board declined to do so, citing the timeliness requirements of 70 O.S. 1982 Supp. §§ 509.2, B.2. and C.1.

Thereafter OWEA brought this original action.

■ The threshhold issue, whether mandamus is appropriate, is governed by the longstanding rule quoted in *Maule:*

> Issuance of a writ of mandamus requires a clear, legal right vested in the petitioner, refusal to perform a plain, legal duty which does not involve the exercise of discretion, the adequacy of the remedy provided by the writ and the inadequacy of other relief.

In this case, petitioner has the right under 70 O.S. 1981, § 509.1, et seq. to seek recognition as the bargaining agent of the educators within the Owasso School System. Our holding in *Maule* recognized that Boards of Education have a plain, legal duty to participate in the statutory process of recognizing such organizations. Also in *Maule*, we found that mandamus is an adequate remedy in disputes between school districts and teachers organizations seeking recognition under the statute.

The issue of whether the Board's discretionary power is involved requires some specific discussion. Petitioner alleges a majority of the teachers in the system signed authorization cards designating OWEA as their agent. Respondent raises some argument as to whether the certification of this majority was proper. If, indeed, a majority has signed authorizations, the Respondent Board is without discretion, because 70 O.S. 1981, § 509.2 says:

> The local board of education *shall* recognize a professional organization that secures authorization signed by a majority

of the professional educators designating said organization as their respresentative for negotiations. [emphasis added].

From the facts of this case, however, it appears the respondent Board refused to even consider the matter of whether the majority was properly constituted. It refused to consider the authorization card procedure at all, and thus failed to perform the mandatory aspects of its statutory duty. All the essential elements for a grant of mandamus are, therefore, present in this case.

While we cannot mandate the respondent Board's acceptance of petitioner's disputed accounting procedures, we can require the Board to fully and fairly hear the presentation of all aspects of petitioner's application for recognition.

The second issue we must address is whether this action merits the invoking of the original jurisdiction of the Supreme Court. Clearly, Art. VII, § 4 of the Oklahoma Constitution grants this Court the authority to issue the writ and we have consistently held that in matters of general, public interest, or *publici juris*, we will not hesitate to exercise that power. *See: York v. Turpen*, 681 P.2d 763 (Okl.1984) and *Draper v. State*, 621 P.2d 1142 (Okl. 1980).

Clearly, the issue at hand is of statewide, public concern because the Owasso Board has taken a stance, based on its interpretation of *Maule*, which may well affect relations between other boards and bargaining agents in the vast majority of Oklahoma's school systems. Traditionally, all but two school districts within the state have relied on the less costly, less formal, authorization-card method of designating teachers' bargaining agents. If we permit the Owasso Board to declare this procedure void, it could have the effect of creating chaos throughout the state's schools.

We note that since the commencement of these proceedings, the Governor has signed into law Enrolled Senate Bill No. 583, which amends 70 O.S. § 509.2. From and after the effective date of the amendment,

April 14, 1986, secret ballot election shall be the only, approved method of selecting teachers' representatives. The new law does not, however, retroactively invalidate the selection of such representatives by the authorization-card method.

The majority of representative organizations throughout the state are therefore still vitally interested in our response to the actions of the respondent Board.

In order to avoid the labor unrest and the inevitable and continuous disruption of public education which we deplored in *Maule*, we should assume original jurisdiction in this case.

Having done so, our first task is to analyze the Board's interpretation of our *Maule* opinion. The language relied upon is at p. 24 and says:

All parties to this appeal have argued that the use of authorization cards to determine representation status between competing labor organizations is not within the purview of 70 O.S. Supp. 1982 § 509.2, and that the ambiguity of the statute is responsible for the present impasse. *Without expressing ourselves as to the accuracy of that assessment,* having reviewed the provisions of § 509.2, which provide that upon receipt of an employee petition, the Board shall call a secret ballot election, we find that *a secret ballot election is more fair and efficacious means of determine the bargaining representative where that status is at issue.* The election process can result in only one majority organization because teachers can vote only once. The submission of authorization cards may create more than one apparent "majority" because there is no limitation on the number of authorization cards a teacher can sign. This may pose a temptation to school boards to decide unilaterally which bargaining organization should be recognized. Such a result is hardly consistent with the stated policy of the Act as set forth in 70 O.S. 1981, § 509.1—to create an orderly system for

regulating professional associations. [emphasis added].

Based on this language, the Board ruled the authorization-card method used by OWEA was invalid. We disagree with the Board's interpretation.

Any reading of the language in issue shows clearly that this Court was merely finding the ballot method to be the more fair of the two, but nowhere in the opinion did we find the authorization-card method to be invalid. Further, this *dicta* should not be taken out of the context of the facts in *Maule*. There, two rival organizations were competing for designation as teachers' bargaining agent. Our criticism of authorization cards went directly to such competition and the greater likelihood, *in those circumstances,* of inaccuracy.

In the case before us, there is no suggestion that the problem against which we spoke in *Maule*, that of multiple voting, has in any way tainted the Owasso results.

Such a result was not intended, either explicitly or implicitly by any ruling in the *Maule* decision. The primary rule of that case is that an arbitrary, statutory distinction between districts with more than 35,000 students (being only two: Oklahoma City and Tulsa), and those districts with fewer students is invalid as special legislation. This ruling has no application to the facts and circumstances now before us. The secondary holding, however, is most germane: we held a school board has an affirmative duty to participate in the settlement of a dispute as to the legitimate, bargaining representative within its district. This duty is the same whether the board is called on to choose between rival groups, or to recognize only one.

Our research has drawn us to the case of *Association of Classroom Teachers of Moore, Oklahoma vs. Board of Education of Independent School District # 2, Cleveland County,* 567 P.2d 979 (Okl.1977), which provided for certification of a majority of authorization cards by a disinterested

person or parties and we would therefore suggest this method of independent certification for the reason stated in the *Moore* case, as the appropriate method of tabulation of the authorizations.

In summary, we hold that nothing in our decision in *Maule v. Independent School District No. 9, supra,* invalidates the authorization-card method of selecting bargaining representatives for professional educators in any school district.

We therefore order the Board of Education of Independent School District No. 11 of Tulsa County to immediately and forthwith examine and tabulate the authorization cards heretofore submitted to it to determine whether a majority of the teachers of the Owasso School System have, in fact, selected the Owasso Education Association as their bargaining agent. Upon completion of such examination, the Board shall either grant or withhold recognition of said Association, based upon its determination that a majority does or does not exist.

LET THE WRIT ISSUE.

HODGES, HARGRAVE, OPALA, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.

SIMMS, C.J., and LAVENDER, J., dissent.

SIMMS, Chief Justice, dissenting:

I respectfully dissent. This Court is primarily a court of appeal. The issuance of any form of extraordinary writ should be withheld in this action, and the parties required to present the matter to the proper trial court. Any party aggrieved by the judgment of the trial court may then present the case to this Court by way of appeal. *State v. Board of Education,* 197 Okl. 324, 170 P.2d 540 (1946); See, also, Dissent by Simms, J., in *Oklahoma Ass'n. of Mun. Attys. v. State,* Okl., 577 P.2d 1310, 1315 (1978).